RED TOP CAB COMPANY *v.* MRS. KATE R. GARSIDE and
ROBERT GARSIDE.*

(*Knoxville.* September Term, 1927.)

Opinion filed October 15, 1927.

1. **COURT OF APPEALS. Judgment and executions. Statute construed.**

The act creating and prescribing the jurisdiction of the Court of
Appeals provided that the judgments of that court shall be executed by all necessary and proper writs, after the expiration of
thirty days, unless reversed or modified by the Supreme Court.
(Post, p. 616.)

Citing: Acts 1925, chapter 100, section 13.

2. **SAME. Same. Certiorari.**

The filing of a petition for **certiorari** by the judgment debtor to remove the case to Supreme Court for review does not operate to
stay the execution of the judgment. To accomplish this the writ
of **supersedeas** must be applied for and granted. **Certiorari** does
not even remove the case. (Post, p. 616.)

Citing: Section 14, chapter 100, Acts 1925.

3. **Same. Same. Supersedeas.**

The supersedeas to stay the execution of the judgment may be applied for at any time within thirty days after the judgment. The
application may be made along with the petition for **certiorari,**
or separately, and before the petition for **certiorari** if time for
filing petition for **certiorari** has been extended. (Post, p. 617.)

4. **SAME. Same. Practice.**

The time in which application for 'supersedeas may be made in aid
of **certiorari** is not limited by the statute. The safe practice requires that the application for **certiorari** be made before execution can issue from the Court of Appeals. (Post, p. 617.)

5. SAME.  Lien of judgment.

Supersedeas does not discharge the lien of an execution levied on land.  (Post, p 617.)

Citing: McCamy v. Lawson, 40 Tenn. (3 Head), 256; Littleton v. Yost, 71 Tenn. (3 Lea), 267.

---

*Headnotes 1. Executions, 23 C. J., section 137; 2. Certiorari, 11 C. J., section 239 (Anno); 3. Certiorari, 11 C. J., section 239; 4. Certiorari, 11 C. J., section 237; 5. Certiorari, 11 C. J., section 237; 6. Certiorari, 11 C. J., section 237; 7. Certiorari, 11 C. J., section 237; 8. Certiorari, 11 C. J., section 237; 9. Executions, 23 C. J., section 411; 10. Executions, 23 C. J., section 373.

---

### FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby County to Court of Appeals by Red Top Cab Co. and by *certiorari* to Supreme Court.—HON. H. W. LAUGHLIN, Judge.

WILSON, GATES & ARMSTRONG, for plaintiff in error.

ANDREW J. DONELSON, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This case is before us upon petitions of counsel and of the clerk of this court at Jackson seeking a construction of chapter 100 of the Acts of 1925, creating the Court of Appeals.  The controversy presented is as to the time when an execution may issue upon a judgment of the Court of Appeals, and as to the effect of filing a petition for *certiorari* upon the right of the judgment creditor to have execution issue.

Section 13 of the Act provides that the judgments of the Court of Appeals ''unless superseded, reversed, or

modified by the Supreme Court, shall, after expiration of thirty days from final decree as hereinafter defined, be executed by all necessary and proper writs.''

Section 14 outlines the practice with reference to the removal of causes from the Court of Appeals to this court by petition for *certiorari,* and provides that ''the Supreme Court or one of the judges thereof may order the writ of *supersedeas* in aid of the *certiorari* upon such terms and bond as such court or judge may prescribe.'' The Act then continues, ''Petitions for *certiorari* to require the removal of any case from the Court of Appeals to the Supreme Court for review, shall be filed in the Supreme Court within forty-five days after final decree in the Court of Appeals, including decree upon any application to that court for a rehearing or for different or additional findings; provided, the Supreme Court or any of the judges thereof, upon application, may extend such time for filing petitions for *certiorari* for an additional time not to exceed ninety days after final decree as above defined in the Court of Appeals.''

Upon the expiration of thirty days from the judgment of the Court of Appeals, the judgment creditor herein demanded an execution from the clerk; later after a petition for *certiorari* was filed by the defendant in judgment, this demand for an execution was renewed. The clerk has been doubtful of his proper course in the premises and he and counsel have brought the matter before the court.

We are of opinion that the judgment creditor was entitled to the execution thirty days after the entry of judgment of the Court of Appeals. The plain language of section 13 requires this conclusion.

The filing of a petition for *certiorari* in this court to review a judgment of the Court of Appeals does not

stay the execution of that judgment. The bare filing of such a petition does not even remove the case to this court. Recognizing this condition, the Legislature provided in ·section 14 that this court or one of the judges thereof might order the writ of *supersedeas* in aid of the *certiorari*. Much less would the mere notice of intention to file a petition for *certiorari*, within forty-five days or within the time allowed, stay an execution from the Court of Appeals thirty days after its judgment.

In cases, therefore, where a *supersedeas* is desired application for this writ may be made to this Court or to a member thereof within thirty days after the judgment of the Court of Appeals. The application for *supersedeas* should be made after reasonable notice to the adverse party and may be made along with the petition for *certiorari* within thirty days, or separately, if more time is desired in which to file the petition for *certiorari*. If the application for *supersedeas* is separate, there should be a showing of intention to file a petition for *certiorari* within the time allowed. Upon such application for *supersedeas* to this court or one of the judges thereof, the writ will ordinarily issue upon terms or bond prescribed.

The time in which this court or a judge thereof may order the writ of *supersedeas* in aid of *certiorari* does not appear to be limited by the statute, but as our cases show, a *supersedeas* does not discharge the lien of an execution levied on land. *McCamy* v. *Lawson*, 40 Tenn. (3 Head), 256; *Littleton* v. *Yost*, 71 Tenn. (3 Lea), 267. Safe practice, therefore, requires that the application for *supersedeas* be made before execution can issue from the Court of Appeals.