CANTRELL *et al. v.* LOUISVILLE & N. R. Co.

(*Nashville,* December Term, 1941.)

Opinion filed July 25, 1942.

NORMAN FARRELL, of Nashville, for plaintiffs in error.

SEAY, STOCKELL & EDWARDS, of Nashville, for defendant in error.

PER CURIAM:—Petitioners brought suit in the circuit court of Davidson County, Tennessee, against the respondent railroad company to recover damages for the alleged wrongful killing of Helen Olilia Cantrell. The case was tried to a jury and resulted in a verdict against the railroad company for $4,000. On the appeal in error of the railroad company, the Court of Appeals reversed the judgment and dismissed the suit on the ground that the verdict was not sustained by any material evidence and that the trial judge erred in overruling the railroad company's motion for a directed verdict in its favor. 25 Tenn. App., 529, 160 S. W. (2d), 444. Thereafter, petitioners filed their petition in this court seeking to bring the case into this court by writ of *certiorari*. On April 4, 1942, *certiorari* was denied, the court finding that the assignments of error were without merit.

Will C. Cantrell et al., on June 27, 1942, filed their present petition in this court complaining that *certiorari* was denied without first affording them the opportunity for oral argument before this court. In support of this insistence reliance is placed upon section 10639 of the Code, which is as follows: "The appellate courts are forbidden to reverse any case tried or triable by jury in the lower courts, and to dismiss the same upon the merits without giving the parties an opportunity to be heard through their counsel by oral argument in such

appellate court. This section shall apply to all such cases brought into said appellate courts by *certiorari* as well as those brought up by appeal or writ of error. (1911, ch. 25.)''

██ The above section of the Code must be construed *in pari materia* with section 10629 of the Code governing applications made to this court for writs of *certiorari* to the Court of Appeals, which section in the portions thereof material to the question here under consideration, is as follows: ''The supreme court, *or any judge thereof,* shall have the right to require, by *certiorari,* the removal to that court for review of any case that has been finally determined in the court of appeals, upon a sworn petition, for this purpose filed in the supreme court, which petition shall state the substance of the case to be decided, and shall be accompanied by assignments of error and brief in conformity with such rules as the supreme court may prescribe; and there shall be no other method of review. *Upon such writ being granted,* the original transcript filed in the court of appeals, and the opinion and judgment of that court shall be filed in the supreme court, and, with said petition, assignments of error and briefs, *shall constitute the record in the supreme court,* and no further cost bond shall be required therefor. . . . *and no certiorari shall be granted unless the case shall at the same time be set down for oral argument in the supreme court.* . . .'' Chapter 100, Acts 1925. (Italics ours.)

██ It will be noted that this court ''or any judge thereof,'' may grant the writ of *certiorari* to the Court of Appeals. When the writ is granted, the case ''shall at the same time be set down for oral argument.'' Unless the writ of *certiorari* be granted, the case does not get

into this court. It is not until the writ is granted that "the original transcript . . . shall be filed in the supreme court." If the writ be granted and the case is thereby brought into this court then, and not until then, must the case be set down for oral argument. When *certiorari* is denied, the result is that this court thereby refuses to take jurisdiction of the case. Code, section 10639 is by its terms applicable alone to cases "brought into" the appellate courts by *certiorari*, appeal or writ of error. A case·is not brought "into" this court by denial of writ of *certiorari* to the Court of Appeals. Where *certiorari* is granted under Code, section 10629, then the case must be set down for argument. **Thus** there is complete harmony between Code, section 10639 and Code, section 10629.

Petitioners rely on *West Construction Co.* v. *White*, 130 Tenn., 520, 172 S. W., 301. That case was decided long before the enactment of Chapter 100, Acts 1925 (Code, section 10629) and was a case tried by consent before the judge without a jury. The court's observation as to the purposes of Chapter 25, Acts 1911, are inapplicable to a petition for *certiorari* under Code, section 10629, which alone requires that the case be set down for argument when *certiorari* is granted.

In *Cunningham* v. *Union Chevrolet Co.*, 177 Tenn., 214, 147 S. W. (2d), 746, 148 S. W. (2d), 633, the court denied *certiorari*. On petition to rehear the same contention was made as is made on the instant petition. The court said, referring to Code, section 10639, "This statute has no application." The observation was made that, "This Court did not reverse the judgment of the Court of Appeals, nor did that Court reverse the judgment of

the trial court.'' The result would have been the same had the Court of Appeals reversed the judgment of the trial court, for the reasons hereinbefore pointed out.

The petition is without merit and is dismissed at the cost of petitioners.