KENDALL OIL COMPANY

*v,*

MIKE PAYNE

(*Knoxville,* September Term, 1955.)

Opinion filed July 20, 1956.

Rehearing Denied July 20, 1956,

MASSEY, STONE & KIRKLAND, Chattanooga, for petitioner, Payne.

CAMPBELL & CAMPBELL, Chattanooga, for respondent, Kendall Oil Co.

Mr. Justice Tomlinson delivered the opinion of the Court.

This Court, in denying *certiorari,* filed a memorandum opinion, wherein it expressed the hope that such action would not prevent the Court of Appeals from publishing its opinion.

An insistence made by Payne in the Court of Appeals, —Tenn. App.——, 293 S.W.2d 40, was to the effect that a certain conversation taking place subsequent to the accident out of which this suit arose between the employees of Kendall Oil Company in the presence of Mr. Payne is competent evidence. It was the opinion of the Court of Appeals that the conversation was inadmissible. The competency of this conversation as evidence was not discussed in the memo. opinion of this Court because it played no part in this Court's conclusion that the petition for *certiorari* should be denied.

Mr. Payne has filed a petition to rehear wherein he requests the Court to "extend and clarify the memorandum opinion" to the extent of declaring whether the conversation in question is competent evidence. The petition says that Mr. Payne needs to know this because the case will be tried again.

This Court is constrained to believe that counsel for Mr. Payne, in making the request presented by his petition to rehear, has overlooked the fact that this Court never acquired jurisdiction, the petition for *certiorari* being denied. Aside from any discussion of principle,

therefore, the case is controlled on this petition to rehear by *Crane Enamelware Co. v. Smith,* 168 Tenn. 203, 76 S.W.2d 644.

In the case just mentioned, wherein a petition for *certiorari* was denied, a petition to rehear requested a declaration by the Court as to the law governing a certain aspect of the case. In denying the petition to rehear this Court, 168 Tenn. at page 206, 76 S.W.2d at page 645, said: "Having no jurisdiction of the case, the court cannot give an advisory opinion, as it has been requested to do."

Petition denied.