WILLIAM LUSK MCALLESTER

*v.*

WINIFRED CHAMBERLAIN EWING MCALLESTER.

396 S.W.2d 363.

(*Knoxville,* September Term, 1965.)

Opinion filed September 7, 1965.

E. K. MEACHAM, Chattanooga, of counsel, for William Lusk McAllester, petitioner.

JAC CHAMBLISS, Chattanooga, CHAMBLISS, CHAMBLISS & HODGE, Chattanooga, and PAUL CAMPBELL, JR., CAMPBELL

& CAMPBELL, Chattanooga, of counsel, for Winifred Chamberlain Ewing McAllester, respondent.

MR. JUSTICE WHITE delivered the opinion of the Court.

This case was commenced as a divorce action in the Chancery Court of Hamilton County. Mrs. McAllester charged her husband with cruel and inhuman treatment and also charged that he had failed to support her. In connection with the latter charge she says that the defendant had not contributed to her support, or the support of their children, during their forty-one years of marriage. Her charges of cruel and inhuman treatment were that her husband had been ugly and abusive and on many occasions had threatened both Mrs. McAllester and their children with serious bodily harm.

After hearing the proof, the chancellor found that the defendant was guilty of "cruel and inhuman treatment" toward complainant and awarded her an absolute divorce. The decree upon said award was entered on the minutes on the 8th day of December, 1964. The defendant was ordered to pay all of the costs of the cause. There was no exception taken to the action of the court by the defendant.

A petition to rehear was filed in which it was said that: (1) the credible evidence preponderated against the find-

ing of the court; (2) the court erred in refusing to grant the defendant a jury trial; (3) that the court erred in refusing or denying a mistrial upon motion of defendant's solicitor; (4) that the court erred in refusing to permit the defendant's solicitor to cross-examine witnesses upon matters which they had been previously cross-examined by the defendant's first solicitor, Gus A. Wood, Jr.; and, finally, that the court erred in refusing the rule of exclusion to those witnesses who had testified on the first day of the trial when the defendant was represented by Gus A. Wood, Jr. The petition to rehear was signed by D. L. Halladay, the new solicitor for the defendant.

In due course the petition to rehear was overruled and the chancellor stated:

Having considered the matters raised by the petition, the court is of the opinion that said rehearing should be and the same hereby is refused.

To which ruling the defendant excepts and prays an appeal to the next term of the Court of Appeals sitting in Knoxville, which appeal is granted, etc.

A motion to dismiss the appeal was filed by Mrs. McAllester in the Court of Appeals and in support thereof counsel calls attention to the fact that the defendant excepted *only* to the chancellor's action in refusing a rehearing and appealed therefrom. It was contended in the Court of Appeals that the action taken by the chancellor on the petition to rehear was the only matter before that court. The final decree which granted the divorce was not excepted to and no appeal was taken therefrom.

In Gibson's Suits in Chancery, Volume 2, p. 651, the following language appears:

When a motion for a rehearing is denied and the party desires to appeal, the appeal should be prayed and granted from *both the original decree and the order denying the motion for a rehearing.*

In a note to this section there appears this statement:

Where appeal is taken only from order denying a rehearing there is nothing before the appellate Court for a review.

The decision of the Court of Appeals in the case of *McClister v. Milligan,* 1 Tenn.App. 258 is cited as the case absolutely on all fours with the case at bar in that no broad appeal was taken, the appeal being limited to the "action of the court in overruling and denying the petition to rehear."

In that case Judge Faw discussed the matter fully, pointing out that the order of the Chancery Court refusing to set aside an appealable decree is not appealable and that the appeal should have been from the original decree. The Court then dismissed the appeal in that case.

■ Also, in the case of *Capshaw v. Town of Cookeville, et al.,* 185 Tenn. 96, 203 S.W.2d 369, Mr. Justice Gailor said:

Where, as here, exception is taken and appeal perfected only from the action of the Chancellor in denying a rehearing, and no appeal is taken from the decree, final on the main issues and as such appealable * * *, the appeal which is expressly limited and addressed only to the action of the Chancellor in denying a rehearing, does not bring up the original decree nor the entire record. 185 Tenn. at 100, 203 S.W.2d at 371.

Mr. Justice Gailor then referred to the opinion of Judge Faw in the McClister case with approval.

Based upon the motion, the Court of Appeals, in an opinion written by Judge Cooper, well reasoned, sustained the motion and dismissed the case. He quoted with approval from the case written by Judge Faw, and also the case written by Justice Gailor.

He called attention to the fact that since the case here was tried by the chancellor without a jury, it followed that no motion for a new trial or petition to rehear was required, and that an appeal taken solely from the overruling of such motion, or petition, was not sufficient to bring the whole case before the court.

■ While we agree with the conclusion of the Court of Appeals in sustaining the motion, an examination of the evidence shows the preponderance thereof to be in favor of the action of the chancellor in granting the divorce. And, under such circumstances the Court of Appeals would have been justified in sustaining the holding of the chancellor. T.C.A. sec. 27-303 provides that there shall be ''a presumption of the correctness of the judgment or decree of the trial court, unless the preponderance of the evidence is otherwise.'' We do not think the preponderance is otherwise.

We are satisfied with the opinion of the Court of Appeals and, therefore, deny the application for the writ of certiorari.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.

On Petition to Rehear

MR. JUSTICE WHITE.

Under·date of September 7, 1965, we announced the denial of the petition for the writ of certiorari and filed a memorandum opinion setting forth our reasons therefor and concluded by saying:

We are satisfied with the opinion of the Court of Appeals and, therefore, deny the application for the writ of certiorari.

A petition to rehear was filed on September 9, 1965, accompanied by a brief in support thereof.

On the same date the petitioner suggested the death of his wife on September 7, 1965, and offered to submit proof in support thereof.

The petitioner also filed a motion which stated:

The death of respondent, Winifred Chamberlain Ewing McAllester, September 7, 1965, having heretofore been suggested and this cause of action being personal to said respondent, without right of revival thereof, petitioner moves the Court to abate the original suit herein and all proceedings ancillary or subsequent thereto.

We dispose of the petition to rehear and the motion in the order indicated.

First, the petition to rehear presents no new matter of law or of fact not considered by us in the preparation of our original memorandum opinion. We do not think it would serve any good or necessary purpose to prepare a new memorandum opinion. We are satisfied with the correctness of our conclusion that the writ should be denied.

In regard to the motion to abate the original suit and all proceedings ancillary or subsequent thereto, it is

sufficient to say that we have no jurisdiction to entertain this motion since this case is not now and has never been before this Court.

T.C.A. sec. 27-819 provides that the Supreme Court, or any judge thereof, shall have the right to require, by certiorari, the removal to that Court for review of any case that has been finally determined in the Court of Appeals.

It would seem to us axiomatic that the denial of the writ would be sufficient to show that we refused to take jurisdiction because we felt that the action of the Court of Appeals was correct. Therefore, if the case is not before us, we, of course, have no jurisdiction to entertain any motion or other proceeding in connection therewith.

In the case of *Cantrell v. Louisville & N.R. Co.,* 179 Tenn. 180, 163 S.W.2d 824 (1942), we said:

> Unless the writ of certiorari be granted, the case does not get into this Court. * * *. When certiorari is denied, the result is that this court thereby refuses to take jurisdiction of the case * * *. A case is not brought ''into'' this court by denial of writ of certiorari to the Court of Appeals. 179 Tenn. at 182-183, 163 S.W.2d at 825.

T.C.A. sec. 27-821 provides:

> *Upon such writ being granted,* the original transcript filed in the Court of Appeals and the opinion and the judgment of that court shall be filed in the Supreme Court * * *. (Emphasis supplied.)

We refused to grant the writ in this case and filed a memorandum opinion in which we set forth our reasons

for such action and ordered that it be filed. In most cases the Clerk is directed to notify counsel that the petition has either been denied or granted and nothing more. If granted, of course, the case is set down for argument, as required by statute. If denied the matter is ended as we have refused to take jurisdiction. This is what occurred in the instant case, but out of consideration of the issues involved, we filed a written memorandum setting forth our reasons for the denial of the writ. As indicated, we expressly agreed with the opinion of the Court of Appeals.

It is obvious that we have no jurisdiction of this case because we cannot both deny the writ and at the same time take jurisdiction of the case.

The petition to rehear is denied and we refuse to consider the motion to abate for the reason that the case is not before us.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.