DAVID L. RAMSEY, Petitioner,

*v.*

MUTUAL SUPPLY COMPANY, Respondent.

427 S.W.2d 211.

(*Nashville,* December Term, 1967.)

Opinion filed April 15, 1968.

438

BASS, BERRY & SIMS, Nashville; J. O. BASS and J. BRADBURY REED, of counsel, for petitioner.

K. HARLAN DODSON, HOOKER, KEEBLE, DODSON & HARRIS, Nashville, of counsel, for respondent.

## MEMORANDUM

MR. JUSTICE HUMPHREYS delivered the opinion of the Court.

At Mutual's suit to enforce a covenant not to compete, Ramsey was enjoined from competing with Mutual in certain regards. On appeal, the Court of Appeals, Middle Division, 58 Tenn.App. 164, 427 S.W.2d 849, affirmed the lower court's decree, and reinstated the injunction, which had been treated as vacated by the appeal. Now, Ramsey has petitioned this Court for certiorari and supersedeas to review this judgment. Upon presentation of this petition to the writer, the point was made by petitioner that by force of T.C.A. sec. 16-411 a supersedeas is unnecessary, as the judgment of the Court of Appeals only becomes final for purposes of enforcement by orders of that court after the expiration of the time for filing petition for writ of certiorari with this Court, and the time during which such petition remained undisputed of. I have concluded the point is well made.

Chapter 100 of the Acts of 1925, creating the Court of Appeals, in sec. 13 provided that the judgments of the Court of Appeals "unless superseded, reversed, or modified by the Supreme Court, shall, after expiration of thirty days from final decree as hereinafter defined, be executed by all necessary and proper writs."

By the Code Supplement of 1950, sec. 13 of Chapter 100 was modified so as to remove from it the provision with respect to judgments becoming effective after thirty days, and the statute was rewritten, at it has since remained, so as to provide that the judgments of the Court of Appeals only become enforceable after expiration of the time for filing for writ of certiorari with this Court

and the time during which such petition remains undisposed of.

■ It is evident the statute was modified to relieve petitioners for certiorari to review Court of Appeals judgments from the troublesome task of applying directly to a Justice of the Court for writs of supersedeas, and to relieve the Justice of the more troublesome task of making a preliminary review of the record which would be necessary in every petition for review by certiorari.

It is within the recollection of Chief Justice Burnett that the Code Commission in charge of the 1950 modification, modified sec. 13 for the purpose suggested.

■ Consistently, it has been the general practice since the 1950 modification not to apply for or to issue supersedeas except in special cases; and in view of the concurrent holding of the Chancellor and the Court of Appeals, this is not a case in which the Court would be justified in issuing supersedeas.

■ The argument of respondent that this interpretation of the statute leaves one enjoined by a judgment of the Court of Appeals, either mandatorily or by prohibition, at liberty to commit, possibly, acts of a serious and hurtful nature, raises an unfounded fear. This Court has power where a violation of such a nature is threatened or committed, to enforce an injunction ordered by the Court of Appeals, either under T.C.A. sec. 23-1911 or by reason of our inherent power to make orders necessary to an orderly and just appellate review. *Chaffin, et al. v. Robinson, et al.*, 187 Tenn. 125, 213 S.W.2d 32.

■■ Additionally, the Court of Appeals, after the expiration of the time for review, can punish the injunction violator for contempt of that court. The decree of that Court is not vacated by the petition for certiorari, it is simply unenforceable by that court during the period mentioned in T.C.A. sec. 16-411. *Chaffin et al. v. Robinson et al.*, 187 Tenn. 125, 213 S.W.2d 32.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.