**Lee T. FRANKLIN, Petitioner,**

v.

**STATE of Tennessee, Respondent.**

Supreme Court of Tennessee.

June 18, 1973.

William C. Carriger, Chattanooga, for petitioner.

David M. Pack, Atty. Gen. of Tenn., R. Jackson Rose, Asst. Atty. Gen., Nashville, Edward E. Davis, Dist. Atty. Gen., Gary Gerbitz, Frank Groves, Asst. Dist. Attys., Chattanooga, for respondent.

## MEMORANDUM ON PETITION FOR WRIT OF CERTIORARI

HUMPHREYS, Justice.

The defendant, Lee T. Franklin, was found guilty of armed robbery and sentenced to a term of ten years in the state penitentiary. The Court of Criminal Appeals affirmed the judgment of the trial court, and the defendant now seeks review in this Court by way of a writ of certiorari to the court below.

Petitioner earnestly reassigns as error the failure of the Court of Criminal Appeals to apply Brooks v. State, 406 U.S. 605, 92 S.Ct. 1891, 32 L.Ed.2d 358 (1972), to his case even though his trial occurred prior to the United States Supreme Court's decision in *Brooks*. Based upon the criteria enunciated by the United States Supreme Court to resolve the question of retroactive application of constitutional rules of criminal procedure, the Court of Criminal Appeals held *Brooks* to be prospective only in application. *See,* Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

In *Brooks*, defense counsel, at the close of the state's proof, moved to delay the defendant's testimony until after the testimony of other defense witnesses. In particular, he sought to call the chief of police as a hostile witness to cross-examine him concerning the circumstances surrounding the defendant's line-up prior to calling the defendant. The trial judge denied the mo-

tion despite agreement by the attorney general, citing T.C.A. § 40–2403, which required that the defendant testify prior to any other witness for the defense or not at all. The United States Supreme Court invalidated the statute holding that it infringed on the defendant's Fifth Amendment privilege against self-incrimination and violated the Due Process Clause of the Fourteenth Amendment in that it deprived the defendant of the "guiding hand of counsel." Precisely, the Court stated:

> "Petitioner, then, was deprived of his constitutional rights when the trial court excluded him from the stand for failing to testify first.

Since the Court in *Brooks* did not decide how that rule should be applied, we publish this memorandum denying Franklin's petition for writ of certiorari in order to clarify the application of *Brooks*.

The United States Supreme Court set forth the criteria to be considered in resolving the question of retroactive application of constitutional rules of criminal procedure in Stovall v. Denno, supra. Therein it is stated:

> "The criteria guiding resolution of the question implicates (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards."

Further, the Court in Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L. Ed.2d 388 (1971), stated:

> "Where the major purpose of new constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs its truth-findng function and so raises serious questions about the accuracy of guilty verdicts in past trials, the new rule has been given complete retroactive effect. Neither good-faith reliance by state or federal authorities on prior constitutional law or accepted practice, nor severe impact on the administration of justice has sufficed to require prospective application in these circumstances." See also, Ivan v. City of New York, 407 U.S. 203, 92 S.Ct. 1951, 32 L.Ed.2d 659 (1972).

Applying the rationale of the *Stovall* and *Williams* decisions, we find the following to be true: If the rule in *Brooks* is given complete retroactive effect, because the procedural statute required an accused to choose between testifying first or not all, it would apply to every criminal case tried in this state since the enactment of the statute in 1887; and the effect on the administration of justice in this state would be catastrophic. In essence, the criminal courts of Tennessee would be required to retry every criminal case since the enactment of the statute, inasmuch as every criminal defendant who testified first could allege that he would have testified after other witnesses or not at all had his case developed properly and every defendant who failed to testify could allege that he would have testified had he been allowed to do so later. Such a holding would create total chaos in our criminal courts. Further, it is difficult to see how the statute so substantially impaired the truth-finding function in cases where the defendant actually testified or exercised his privilege to remain silent as to raise serious doubts about the accuracy of guilty verdict.

Therefore, consistent with *Williams,* we conclude that *Brooks* should not be applied retroactively to cases where the accused either testified or where he failed to testify and, in fact, made no attempt to do so after other defense witnesses had appeared. But, when the precise *Brooks* factual situation is present, possible retroactive application of its rule must be considered.

Restricted to the precise *Brooks* situation, the impact on the administration of justice would not be that great. On the other hand, where a defendant was specifically excluded from testifying for failing to do so first, it may well be that the

truth-finding function of the trial court was so substantially impaired as to raise serious question about the accuracy of a guilty verdict. So that, consistent with *Williams,* retroactive application is necessary.

We conclude, therefore, that in the situation where an accused sought to testify but was specifically excluded from testifying because he failed to testify first, then the rule in *Brooks* may demand retroactive application.

In the instant case, defendant, Franklin, took the stand and testified. He was not denied the right to be a witness in his own behalf even though he testified under protest. Under those circumstances, the fact-finding process was not so substantially impaired as to require retroactive application of *Brooks.* The defendant's other assignments of error having been carefully examined and found to be without merit, it results that the petition for writ of certiorari is denied.