**STATE of Tennessee, Petitioner,**

**v.**

**Lamar ROBBINS, Respondent.**

Supreme Court of Tennessee.

Jan. 20, 1975.

R. Jackson Rose, Asst. Atty. Gen., R. A. Ashley, Jr., Atty. Gen., Nashville, for petitioner.

John L. Alley, Hixson, for respondent.

OPINION

BROCK, Justice.

Tennessee Code Annotated, Section 40-2403, required that a defendant in a criminal case be his own first witness or forfeit his right to testify at all. In Brooks v. State, 406 U.S. 605, 92 S.Ct. 1891, 32 L.Ed.2d 358 (1972) said statute was held to be unconstitutional because it infringed upon the defendant's right against self-incrimination and upon his due process right to the "guiding hand of counsel."

In the case at bar the respondent, Robbins, in his own defense called two other witnesses and then asked permission of the court to testify in his own behalf. His request to be a witness in his own behalf was denied by the trial court although the District Attorney General waived any objection based upon T.C.A., Section 40-2403. The respondent was convicted and appealed his judgment to the Court of Criminal Appeals where he again asserted his right

to be a witness in his own behalf after having called other defense witnesses. That Court denied his insistence, and he then petitioned this Court for certiorari which was denied. The United States Supreme Court granted certiorari and reversed his conviction.

The United States Supreme Court remanded this case to the Court of Criminal Appeals "for further consideration in light of the decision of the Supreme Court of Tennessee in Lee Franklin v. State of Tennessee, dated June 18, 1973." Pursuant to the remand, the Court of Criminal Appeals again considered Robbins' insistence and on January 29, 1974, rendered an opinion holding that the *Brooks* rule should be applied retroactively to this case. Accordingly, the judgment of conviction was reversed and the case remanded to the trial court for a new trial. It is from this last action of the Court of Criminal Appeals that the State has petitioned us for the writ of certiorari, insisting that the *Brooks* rule should not be given retroactive application to this case.

Much has been written in recent years about "retroactivity" and "prospective application only." We do not deem it either necessary or advisable to engage in a lengthy discussion of this subject.

The precise question for our decision is whether the decision in *Brooks,* which was decided on June 7, 1972, should be applied to respondent, Robbins, whose trial occurred on January 19, 1972, but whose judgment was never final and whose case was in the appellate process at the time *Brooks* was decided, considering, also, that Robbins, as did Brooks, sought to be a witness in his own defense after having called other defense witnesses and was denied that right by the trial court.

■ We begin with the premise that newly announced constitutional verities are to be given retroactive application to cases which are still in the trial or appellate process at the time such verities are an-

nounced unless some compelling reason exists for not so doing. Mishkin, Foreward, The Supreme Court, 1964 term, 79 Harvard Law Review 56, 77–78.

> "Under our cases it appears (1) that a change in law will be given effect while a case is on direct review, *Schooner Peggy* [United States v. Schooner Peggy, 1 Cranch 103, 2 L.Ed. 49 (1801)], *supra,* and (2) that the effect of the subsequent ruling of invalidity on prior final judgments when collaterally attacked is subject to no set 'principle of absolute retroactive invalidity' . . . ." Linkletter v. Walker, 381 U.S. 618, 627, 85 S.Ct. 1731, 1736, 14 L.Ed.2d 601.

We note that *Linkletter* is the landmark decision in this particular area of the law.

In some instances new judicial standards have been applied in a "wholly prospective manner."

> ". . . We must determine retroactivity 'in each case' by looking to the peculiar traits of the specific 'rule in question.' " Johnson v. State of New Jersey, 384 U.S. 719, 728, 86 S.Ct. 1772, 1778, 16 L.Ed.2d 882 (1966).

This Court in Franklin v. State, 496 S. W.2d 885 (Tenn.1973) dealt to some extent with the retroactivity of *Brooks.* The holding of the Court in that case was that *Brooks* would not be applied retroactively to Franklin who, in fact, had taken the stand and testified, under protest. This Court there said:

> "Under those circumstances, the fact-finding process was not so substantially impaired as to require retroactive application of *Brooks.*"

Nevertheless, it was foreseen in *Franklin* that the question now before us might arise. Thus, this Court said:

> "Therefore, consistent with *Williams* [Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971)], we conclude that *Brooks* should not be applied retroactively to cases where the

accused either testified or where he failed to testify and, in fact, made no attempt to do so after other defense witnesses had appeared. But, when the precise *Brooks* factual situation is present, possible retroactive application of its rule must be considered.

"Restricted to the precise *Brooks* situation, the impact on the administration of justice would not be that great. On the other hand, where a defendant was specifically excluded from testifying for failing to do so first, it may well be that the truth-finding function of the trial court was so substantially impaired as to raise serious question about the accuracy of a guilty verdict. So that, consistent with *Williams,* retroactive application is necessary."

This is a "precise Brooks situation."

 As this Court noted in *Franklin,* a factor which weighs heavily in favor of retroactive application of a new rule is the likelihood that it will enhance the integrity and reliability of the fact-finding process of the trial. A factor which weighs heavily against retroactive application is the prospect that the integrity of the fact-finding process at trial will not be materially enhanced, coupled with the wholesale unsettling of final judgments of conviction. Weighing these considerations in the case at bar, we conclude that the impairment of the fact-finding function of the trial court is quite substantial if Robbins is denied the benefit of the *Brooks* decision. He was denied the right to testify as a witness in his own defense at such time as the "guiding hand of counsel" considered to be most effective and appropriate. On the other hand, retroactive application of the *Brooks* rule to this case and others which were in the trial or direct review process at the time *Brooks* was decided on June 7, 1972, and in which the defendant did seek and was refused by the trial court the right to be a witness in his own behalf after other defense witnesses had testified, will not

have any chaotic effect upon the administration of justice in Tennessee.

We conclude, for the reasons stated, that Robbins should have the benefit of the *Brooks* decision and consequently that the judgment of the Court of Appeals reversing his conviction and remanding to the trial court for a new trial should be affirmed. Costs incurred in this Court will be borne by the State.

FONES, C. J., and COOPER, HENRY and HARBISON, JJ., concur.