Harold Lee JACKSON, Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

Feb. 19, 1976.

On Petition to Rehear Filed May 6, 1976.

Certiorari Denied by Supreme Court
July 6, 1976.

Walker Gwinn, Asst. Public Defender, Memphis, for plaintiff-in-error.

R. A. Ashley, Jr., Atty. Gen., Jack E. Seaman, Asst. Atty. Gen., Nashville, John W. Pierotti and James W. Harrison, Asst.

Dist. Attys. Gen., Memphis, for defendant-in-error.

RUSSELL, Judge.

## OPINION

Harold Lee Jackson appeals his first degree murder conviction and eighty year penitentiary sentence.

■ The first three assignments of error question the legal sufficiency of the convicting evidence. At about 11:40 p. m. on August 5, 1973, Michael Edward Whitten, a clerk at the Corner Grocery at South Parkway and Willett in Memphis, was killed by a shotgun blast directed at him by one of two armed robbers. Two eyewitnesses to this murder, both of whom knew Jackson at least by appearance before this night, identified him as the killer. Jackson did not testify, but offered an alibi defense through his father and brother; and also presented a witness who claimed to have seen the robbers running from the store and said that Jackson was not one of them.

The evidence certainly does not preponderate against the verdict. *McBee v. State*, 213 Tenn. 15, 372 S.W.2d 173 (1963).

■ It is assigned as error that the State was allowed to peremptorily challenge a juror previously accepted. The record does not reflect this, except by allegation in the motion for a new trial. A motion for a new trial is but a pleading and does not establish the fact of an allegation therein. *Mitchell v. State*, 3 Tenn.Cr.App. 494, 464 S.W.2d 307 (1971). An alleged error will not be considered on appeal if the record contains nothing to support it. *Baldwin v. State*, 204 Tenn. 639, 325 S.W.2d 244 (1959).

■ Finally, it is assigned as error that the trial judge charged the jury as mandated by T.C.A. § 40–2707. While counsel on appeal makes a multi-pointed attack upon the statute, the motion for a new trial simply alleged that T.C.A. § 40–2707 is unconstitutional "because it violates Section II of the Tennessee Constitution." Counsel doubtless meant Article II, dealing with the distribution of powers among the Legislative, Executive and Judicial departments. We have heretofore held that this statute is not a violation of the separation of powers concept. *Sharp v. State*, Tenn.Cr.App., 513 S.W.2d 189 (1974).

The Judgment is affirmed.

WALKER, P. J., and DUNCAN, J., concur.

## OPINION ON PETITION TO REHEAR

■ In this case we held that T.C.A. § 40–2707 was not unconstitutional as a violation of the separation of powers concept set out in Article II of the Constitution of Tennessee, that being the only basis for attack upon the statute that was properly before this Court. See Rules 14(2), 14(4) and 14(5).

The Supreme Court case of *Farris v. State*, Tenn., 535 S.W.2d 608, 1976, held T.C.A. § 40–2707 to be unconstitutional because of an improper caption, but only one justice was of the opinion that it violated Article II of the Constitution of Tennessee. Under our rules, that was the only viable question in this case. Hence, *Farris* is not in conflict with the opinion heretofore entered.

In its opinion on the Petition to Rehear in *Farris*, supra, filed March 30, 1976, relief was again denied Farris because he had not properly assigned the error, the Supreme Court having "neither the disposition nor the duty to search the record and decide cases and controversies on the basis of unassigned error".

In our original opinion we relied upon *Sharp v. State*, Tenn.Cr.App., 513 S.W.2d 189 (1974), which was dispositive of the actual question presented. In Farris, supra, our Supreme Court explicitly said:

"In *Sharp*, the Court of Criminal Appeals * * * sustained Chapter 163 of the Public Acts of 1973 in the face of a challenge asserting that the Legislature invaded the province of the Judicial Branch of the government; however,

*that case did not touch upon the issue here presented.* (Emphasis supplied.)

\*　　\*　　\*　　\*　　\*　　\*

"In summary, as to the precise question herein involved, we address a matter of first impression. \* \* \*"

We hold that *Farris* does not mandate a rehearing in this case.

Upon reviewing the case sub judice, we find no reason to strain to apply *Farris* to this case, as justice has been done in sentencing Jackson to eighty years for a vicious killing of an innocent robbery victim.

WALKER, P. J., and DUNCAN, J., concur.

### ON PETITION TO REHEAR

DUNCAN, Judge (concurring).

I concur with the majority that the defendant is not entitled to relief on his petition to rehear, but for a different reason.

I would not hold, as does the majority, that the defendant's complaint is precluded because he based his attack in the trial court on the unconstitutionality of T.C.A. § 40–2707 on an improper ground.

To me, this seems to be a strained interpretation of *Farris, Robinson, and Lewis v. State,* 535 S.W.2d 608 (Tenn.1976).

In his motion for a new trial, the defendant alleged that the Act was unconstitutional because of the separation of powers concept and failed to allege that the body of the Act was broader than its caption. However, in his original brief in this Court, the defendant expanded his unconstitutional complaint to argue that "The Act should also be held unconstitutional because it is broader than its caption, . . .."

To me, the instant case is similar to the *Farris* companion case of *Roosevelt Lewis v. State,* where the Supreme Court recognized Lewis' complaint, even though he had not raised the "improper caption" complaint in the trial court. In Lewis' motion for a new trial, he complained of the unconstitutionality of T.C.A. § 40–2707, but as stated, he did not allege the "improper caption" complaint. A similar situation exists in Jackson's motion for a new trial. Also, like the present case, Lewis first began to insist on this additional ground for the Act's unconstitutionality when his case came to our Court. Further, Lewis listed this additional ground when his case was before the Supreme Court. Since Lewis had raised the unconstitutional question in the trial court, the Supreme Court did not decline to consider his ground because he had predicated his complaint there on an improper ground.

Thus, I am of the opinion that the defendant's complaint has been sufficiently raised, but I would deny the petition to rehear on the basis of some of the Supreme Court's language in its opinion on the *Farris, et al* petition to rehear (released March 30, 1976), where the Court said:

"In order to clarify further our holding in this case we point out that the fact that a trial judge, prior to the release of our opinion, may have charged the jury on parole considerations does not necessarily mean that the error is reversible or that we will follow the *Farris* procedure."

Further, the Supreme Court approved the principle that such cases should be governed by its own facts, i. e. " 'every tub must stand on its own bottom.' "

In the present case, the jury set the defendant's punishment at an 80 year penitentiary sentence for a brutal murder committed by two armed robbers. In my view, the charge of the court did not bring about the punishment set. It was the facts of the case that dictated the sentence set by the jury. I would hold the error in the court's charge to be harmless. T.C.A. § 27–117.