CRANE ENAMELWARE CO. *v.* SMITH.

(*Knoxville*, September Term, 1934.)

Opinion filed November 30, 1934.

NOONE & ZIEGLER, of Chattanooga, for plaintiff in error.

WHITAKER & WHITAKER, of Chattanooga, for defendant in error.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

On October 20, 1934, the petition for writ of *certiorari*, to review the judgment of the Court of Appeals, was dismissed because not verified as required by the statute.

The case is now before us upon a petition to rehear, which presents the single question as to whether this court has authority to permit the petition to be verified where application therefor was not made and granted within the 45-day period.

The judgment of the Court of Appeals was entered on July 28, 1934. The petition for *certiorari* was filed in this court on September 1, 1934. The record was presented to the court the latter part of September, and after the expiration of the 45-day period.

The statute regulating the removal of cases from the Court of Appeals to this court is section 10629 of the Code, and is as follows:

"The supreme court, or any judge thereof, shall have the right to require, by *certiorari*, the removal to that court for review of any case that has been finally determined in the court of appeals, upon a sworn petition, for this purpose filed in the supreme court, which petition shall state the substance of the case to be decided, and shall be accompanied by assignments of error and brief in conformity with such rules as the supreme court may prescribe; and there shall be no other method of review. Upon such writ being granted, the original transcript filed in the court of appeals, and the opinion and judgment of that court shall be filed in the supreme court, and, with said petition, assignments of error and briefs, shall constitute the record in the supreme court, and no further cost bond shall be required therefor. For this

purpose, counsel shall have the right to use and file in the supreme court their briefs filed in the court of appeals, making apt references thereto; and no *certiorari* shall be granted unless the case shall at the same time be set down for oral argument in the supreme court. Likewise, the supreme court, or one of the judges thereof, may order the issuance of the writ of *supersedeas* in aid of the *certiorari* upon such terms and bond as such court or judge may prescribe. Petitions for *certiorari*, to require the removal of any case from the court of appeals to the supreme court for review, shall be filed in the supreme court within forty-five days after final decree in the court of appeals, including decree upon any application to that court for a rehearing or for different or additional findings; provided, the supreme court, or any of the judges thereof, upon application, may extend such time for filing petitions for *certiorari* for an additional period not to exceed ninety days after final decree, as above defined, in the court of appeals.''

With respect to the power to extend the time for filing a sworn petition after the 45-day period has expired, this court, in *Schlosser Leather Co.* v. *Gillespie*, 157 Tenn., 166, 167, 6 S. W. (2d), 328, said:

''It will be noted that this court or any of the judges thereof are given authority upon application to extend such time (45 days) for filing petition for *certiorari*. To extend means to stretch out or to draw out or to enlarge a thing. It implies some thing in existence. Extend is a transitive verb, requiring an object. The object of the extension in the statute is the 45 days. The 45 days having elapsed, there is nothing to extend; no period to prolong.

"To grant time in which to file petition for *certiorari* after the expiration of the original term is a power not given to this court.

"The application is accordingly denied."

 It is, therefore, the filing of a sworn petition within the 45-day period, unless within that period the time is extended, that confers jurisdiction upon this court. It follows that the court never acquired jurisdiction of this case.

In a memorandum opinion filed at Knoxville, on November 16, 1929, in the case of *Davidson* v. *Phillips*, Anderson Equity, it was held that the verification of the petition was jurisdictional and could not be waived. It was also held in that case that the court had no authority to permit the verification of the petition after the 90-day period had expired. The writer of that memorandum inadvertently stated that the relief asked for could have been granted had the application been made within the 90-day period. That question was not considered, and the statement was *dictum*. The writer probably had in mind rule 11 of the court, requiring sworn petitions to be filed within 45 days, and was cognizant of the fact that the court could waive its rule. When rule 11 was promulgated, a litigant had 90 days within which to file his petition for writ of *certiorari*. Shannon's Code, section 6322a3. But the 45-day requirement is no longer a rule of this court, but is the mandate of the lawmaking power in the state. The court has no authority to waive a statutory requirement, and regrets its inability to grant petitioner the relief prayed for.

 Having no jurisdiction of the case, the court cannot give an advisory opinion, as it has been requested to do.

The petition to rehear will be denied.