IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Brief November 30, 2012

## CLAUDE T. PHILLIPS
v.
## NORTHWEST CORRECTIONAL COMPLEX, WARDEN HENRY STEWARD, SGT. JETTIE BALDRIDGE, AND JEFFERY MILLS

Appeal from the Lake County Chancery Court
No. 5885    Tony A. Childress, Chancellor

No. W2012-01199-COA-R3-CV - Filed December 27, 2012

This appeal concerns an inmate's petition for a writ of certiorari. The petitioner inmate was convicted of disciplinary offenses, which were affirmed by the Tennessee Department of Corrections. The inmate filed a petition for a writ of certiorari, seeking judicial review of the convictions. The trial court found that it did not have subject matter jurisdiction to hear the inmate's petition because it did not include a recitation that it was his first application for the writ. We reverse and remand the cause for further consideration in light of *Talley v. Bd. of Prof'l Responsibility,* 358 S.W.3d 185 (Tenn. 2011).

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
is Reversed and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Petitioner/Appellant, Claude T. Phillips, Henning, Tennessee, self-represented

Robert E. Cooper, Jr., Attorney General and Reporter, Bill Young, Solicitor General, and Shauna Jennings, Assistant Attorney General, Nashville Tennessee, for the Respondent/Appellees Northwest Correctional Complex, Warden Henry Steward, Sgt. Jettie Baldridge and Jeffery Mills

## FACTS AND PROCEEDINGS BELOW

This is an appeal from the grant of a motion to dismiss. Consequently, we recite the facts as alleged in the petition and in documents filed in connection with the motion to dismiss.

Petitioner/Appellant Claude T. Phillips is an inmate housed at the West Tennessee State Penitentiary in Henning, Tennessee. In August 2011, Phillips was brought up on disciplinary charges for participating in a security threat group and for assaulting another inmate. After a disciplinary hearing, Respondent/Appellee Northwest Correctional Complex Disciplinary Board ("Board") found Phillips guilty of both charges. The Board fined him $10, removed 30 days of sentence credits, and imposed package restrictions. Phillips appealed this decision to the Commissioner of the Tennessee Department of Corrections; it was affirmed.

On December 15, 2011, Phillips filed a timely petition for a writ of certiorari in the Lake County Chancery Court against the Board and Respondent/Appellee Henry Stewart, Warden at the Northwest Correctional Complex ("Warden"), Respondent/Appellee Jettie Baldridge, Correctional Sergeant, and Respondent/Appellee Jeffery Mills, Correctional Officer (collectively "Appellees"). Phillips' petition was signed, notarized, and sworn; it listed the parties to the action, referred to an affidavit supporting Phillips' claims, and asked the trial court to remove the write-ups issued by the Board and reinstate his credits, pay grade, and minimum custody classification. Phillips' attached notarized affidavit addressed why each conviction was unfounded and the insufficiency of the evidence against him. Phillips also attached notarized statements from his prisoner trust fund account. Neither the petition nor any of the attached documents stated that this petition was Phillips' first application for a writ.

In March 2011, Appellees filed a motion to dismiss Phillips' petition. The motion asserted, *inter alia,* that the petition should be dismissed because it did not state that the petition is Phillips' first application for a writ, as required pursuant to Tennessee Code Annotated § 27-

---

[1]**Rule 10. Memorandum Opinion**

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10.

8-106. Appellees contended that Phillips could not amend the petition to correct the deficiency because the statutory time limitation had elapsed. They argued that Phillips' failure to comply with this statutory requirement deprived the trial court of subject matter jurisdiction to hear the petition. The Appellees' motion argued several other bases for dismissing Phillips' petition.

In his response, Phillips acknowledged that his petition did not contain the language required under Section 27-8-101, *et seq.*, but argued that his petition was filed pursuant to Section 27-9-101, *et seq.* which does not require that the petition state that it is the first application for the writ. Phillips also responded to the other arguments raised in the motion to dismiss.

In May 2012, the trial court entered an order on the motion to dismiss. It noted all of the arguments made by Appellees in their motion to dismiss, but addressed only the argument that Phillips' petition failed to state that it was the first application for a writ, as required under Section 27-8-106. Citing ***Board of Responsibility v. Cawood***, 330 S.W.3d 608 (Tenn. 2010) and Section 27-8-106, the trial court held that Phillips' failure to recite in his petition that it was the first application for such a writ "deprives this Court of jurisdiction to review the decision [Phillips] requests be reviewed." On this basis, the trial court granted the Appellees' motion to dismiss and dismissed Phillips' petition. The trial court's order did not address the other grounds for the Appellees' motion to dismiss. Phillips now appeals.

## ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, Phillips presents three issues for review:

> I. Did the Court improperly dismiss the Appellant's Petition for Common Law Writ of Certiorari?
> II. Did the Disciplinary Board deprive the Appellant of his right to Due Process?
> III. Did the Disciplinary Board/Hearing Officer deviate from the Tennessee Department of Corrections Uniform Disciplinary Procedures, Policy # 502.01?

Issues II and III raised on appeal by Phillips pertain to arguments in the Appellees' motion to dismiss that were not addressed by the trial court in the order from which Phillips appeals. Consequently, we decline to address these issues on appeal. ***Boykin v. Casher (In re Estate of Boykin)***, 295 S.W.3d 632, 636 (Tenn. Ct. App. 2008) ("At the appellate level, 'we are limited in authority to the adjudication of issues that are presented and decided in the trial courts . . . .' ") (quoting ***Dorrier v. Dark***, 537 S.W.2d 888, 890 (Tenn. 1976)). Therefore, we consider only whether the trial court erred in holding that it lacked subject matter jurisdiction based on Phillips' failure to comply with Section 27-8-106.

Subject matter jurisdiction presents a question of law. ***Staats v. McKinnon***, 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006); ***Morgan Keegan & Co. v. Smythe***, No. W2010-01339-COA-R3-CV, 2011 WL 5517036, at *3; 2011 Tenn. App. LEXIS 613, at *11 (Tenn. Ct. App. Nov. 14, 2011). We review the trial court's conclusions of law *de novo*, affording them no presumption of correctness. ***Mimms v. Mimms***, 234 S.W.3d 634, 636-37 (Tenn. Ct. App. 2007) (citing ***Campbell v. Florida Steel Corp***., 919 S.W.2d 26, 35 (Tenn. 1996); ***Presley v. Bennett***, 860 S.W.2d 857, 859 (Tenn. 1993)).

## ANALYSIS

"Subject matter jurisdiction concerns the authority of a particular court to hear a particular controversy." ***Meighan v. U.S. Sprint Commc'ns Co.,*** 924 S.W.2d 632, 639 (Tenn. 1996) (citing ***Landers v. Jones***, 872 S.W.2d 674, 675 (Tenn. 1994)); *see also **Osborn v. Marr***, 127 S.W.3d 737, 739 (Tenn. 2004); ***Earls v. Mendoza***, No. W2010-01878-COA-R3-CV, 2011 Tenn. App. LEXIS 430, at *16; 2011 WL 3481007, at *5 (Tenn. Ct. App. Aug. 10, 2011). Subject matter jurisdiction pertains "to the right of the court to adjudicate, or to make an award through the remedies provided by law upon facts proved or admitted in favor of, or against, persons who are brought before the court under sanction of law." ***Brandy Hills Estates, LLC v. Reeves***, 237 S.W.3d 307, 314-15 (Tenn. Ct. App. 2006). When subject matter jurisdiction is questioned, the court must ascertain whether it has the authority to adjudicate the dispute under the Tennessee Constitution, enactments by Tennessee's General Assembly, or the common law. ***Earls***, 2011 Tenn. App. LEXIS 430, at *16; 2011 WL 3481007, at *5 (citing ***Staats***, 206 S.W.3d at 542).

A petition for a common law writ of certiorari is the proper mechanism for challenging a prison disciplinary action.[2] ***Richmond v. Tenn. Dept. of Corrections,*** No. M2009-01276-COA-R3-CV, 2010 WL 1730144, at *3 (Tenn. Ct. App. Apr. 29, 2010). The legislature has mandated certain requirements for such a petition. Tenn. Code Ann. § 27-8-101, *et seq*. Of relevance in this case, Section 27-8-106 states: "The petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ." Tenn. Code Ann. § 27-8-106.

---

[2] Phillips argues on appeal that Section 27-8-106 is inapplicable because he filed his petition pursuant to 27-9-101, *et seq.* This argument is without merit. "Because Tennessee Code Annotated § 27-9-102 requires the aggrieved party to file 'a petition of certiorari,' the party seeking review of a board's decision must also comply with Tennessee Code Annotated § 27-8-106." ***Schaffer v. State Bd. of Prob. & Parole***, No. M2010-01805-COA-R3-CV, 2011 WL 2120169, at *2; 2011 Tenn. App. LEXIS 284, at *5-6 (Tenn. Ct. App. May 27, 2011).

Courts have interpreted Section 27-8-106 to require a petition for a writ of certiorari to satisfy both "a verification requirement (that the petition be 'sworn to') and a recitation requirement (that the petition 'state that it is the first application for the writ')." *State v. L.W.*, 350 S.W.3d 911, 915 (Tenn. 2011). Until recently, both requirements were considered necessary for a court to have subject matter jurisdiction to hear the petition. *Bd. of Prof'l Responsibility v. Cawood*, 330 S.W.3d 608, 609 (Tenn. 2010).

Recently, however, the Supreme Court issued an opinion, *Talley v. Bd. of Prof'l Responsibility,* in which the Court clarified the nature of the verification and recitation requirements:

> Last year, in a proceeding seeking judicial review of a hearing panel's decision, this Court held that the petition for writ of certiorari required by Tenn. Sup. Ct. R. 9, § 1.3 "must be supported by oath or affirmation and state that it is the first application for the writ." *Board of Prof'l Responsibility v. Cawood*, 330 S.W.3d 608, 609 (Tenn. 2010). We also held that "a court lacks subject matter jurisdiction over a statutory petition for certiorari that is not supported by oath or affirmation." *Board of Prof'l Responsibility v. Cawood*, 330 S.W.3d at 609 (citing *Depew v. King's, Inc.*, 197 Tenn. 569, 570-72, 276 S.W.2d 728, 728-29 (1955)).
>
> Because the petition the Board filed in *Cawood* contained neither an oath or affirmation nor a recitation that it was the first application for the writ, we concluded that these omissions deprived the trial court of subject matter jurisdiction and required this Court to dismiss the Board's appeal. *Board of Prof'l Responsibility v. Cawood*, 330 S.W.3d at 609. We have since applied this reasoning to petitions filed by attorneys seeking to review a hearing panel's decision that did not contain an oath or affirmation or a recitation that the petition was the first application for the writ. *See, e.g., Penn v. Board of Prof'l Responsibility*, S.W.3d , , 2011 Tenn. LEXIS 438, *1, 2011 WL 1542989, at *1 (Tenn. 2011); *Nebel v. Board of Prof'l Responsibility*, S.W.3d , , 2011 Tenn. LEXIS 5, *1, 2011 WL 197868, at *1 (Tenn. 2011).
>
> The Board asserts that Cawood requires us to dismiss Mr. Talley's appeal. However, Mr. Talley's petition differs significantly from the petition we found fatally defective in *Cawood*. The petition in *Cawood* contained neither an oath or affirmation nor a recitation that it was the first application for the writ. Mr. Talley's petition, however, contains the required affirmation but does not contain the recitation that it is the first application for the writ. Accordingly, we must now decide whether an otherwise proper petition seeking judicial

review of a hearing panel's decision that does not contain the recitation that it is the first application for the writ is insufficient to confer subject matter jurisdiction on the reviewing courts.

The courts' power to issue writs of certiorari flows from Article VI, Section 10 of the Tennessee Constitution. Thus, in order to vest a court with subject matter jurisdiction in a certiorari proceeding, a petition for writ of certiorari must satisfy Article VI, Section 10's requirements. Article VI, Section 10 requires petitions for a writ of certiorari to be "supported by oath or affirmation." Because this requirement is constitutional, it is mandatory. *See Beck v. Knabb*, 1 Tenn. (1 Overt.) 55, 57-58, 60 (1804). The courts cannot waive this requirement, *Depew v. King's, Inc.*, 197 Tenn. at 571, 276 S.W.2d at 729; *Crane Enamelware Co. v. Smith*, 168 Tenn. 203, 206, 76 S.W.2d 644, 645 (1934), because it is jurisdictional, and subject matter jurisdiction cannot be conferred by waiver or consent. *McCarver v. Insurance Co. of Penn*., 208 S.W.3d 380, 383 (Tenn. 2006); *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996).

Conversely, the requirement that a petition for writ of certiorari state that it is the first application for the writ is not found in the Constitution of Tennessee. For the purposes of this case, it is found only in Tenn. Code Ann. § 27-8-106 and Tenn. Sup. 7 Ct. R. 9, § 1.3. In 1951, this Court determined that the omission of the recitation that the petition was the first application for a writ of certiorari was not jurisdictional when it affirmed a trial court's decision to permit a petitioner to amend his petition for writ of certiorari to add the missing recitation, which was required only by statute, and held that the amendment "relate[d] back to the filing of the original pleadings." *See Louisville & Nashville R.R. v. Hammer*, 191 Tenn. 700, 705, 236 S.W.2d 971, 973 (1951).

Mr. Talley's petition for writ of certiorari is deficient because it does not contain the recitation that it is the first application for the writ as required by Tenn. Sup. Ct. R. 9, § 1.3. However, unlike the oath or affirmation requirement, this oversight is waivable. In the present case, the obligation to meet the recitation requirement arose from this Court's rule, which directed appealing parties to adhere the statutory procedures established for pursuing a writ of certiorari except where altered by Tenn. Sup. Ct. R. 9. There is a significant difference between expanding the court's jurisdictional authority to issue a writ of certiorari beyond that granted by the Constitution of Tennessee and allowing waiver of a failure to adhere to a court-imposed rule.

***See Crane Enamelware Co. v. Smith***, 168 Tenn. at 206, 76 S.W.2d at 645
(noting that while a court could not allow an amendment to permit an untimely
verification of a petition for writ of certiorari, it could waive its own rule).

The Board did not challenge Mr. Talley's petition in the trial court. We fail to
see how the Board has been prejudiced by Mr. Talley's failure to include the
recitation in his petition, particularly in light of the undisputed fact that Mr.
Talley's petition was, in fact, the first petition for writ of certiorari he filed
seeking review of the hearing panel's January 27, 2010 order. Accordingly,
we find that the Board waived its challenge to the omission of the recitation
in Mr. Talley's petition and, therefore, that Mr. Talley's oversight does not
deprive the trial court or this Court of subject matter jurisdiction in this
proceeding.

***Talley v. Bd. of Prof. Resp.,*** 358 S.W.3d 185, 191-93 (Tenn. 2011) (noting that the
requirement that a petition for writ of certiorari state that it is the first application for the writ
has existed since 1858) (footnotes omitted).

As in ***Talley,*** in the instant case, Phillips' petition contains the required oath or affirmation,
and lacks only the statutory recitation that the petition is the first application for a writ.
***Talley*** makes it clear that the Appellees' failure to timely object to this omission may result
in waiver of the objection. The trial court's order finds that Phillips' petition lacks the
required recitation, but it does not address ***Talley*** or whether the Appellees waived their
objection. ***See also Stewart v. Derrick***, 368 S.W.3d 457, 465 n.18 (Tenn. 2012) ("However,
a petition lacking the requisite recitation, although deficient, does not defeat subject matter
jurisdiction.") (citing ***Talley v. Bd. of Prof'l Responsibility***, 358 S.W.3d 185, 192-93 (Tenn.
2011)).

Therefore, we must reverse the trial court's order of dismissal and remand the cause for
further consideration in light of ***Talley***.

## CONCLUSION

The decision of the trial court is reversed and the cause is remanded for further proceedings consistent with this Opinion. Costs on appeal are assessed against Respondent/Appellees, Northwest Correctional Complex, Warden Henry Steward, Sgt. Jettie Baldridge, and Jeffery Mills, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE