# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs August 2, 2013

## DOMINIQUE JOHNSON v. SOUTH CENTRAL CORRECTIONAL FACILITY DISCIPLINARY BOARD, ET AL.

### Direct Appeal from the Chancery Court for Wayne County
No. 2012cv5119, Robert L. Jones, Chancellor

### No. M2012-02601-COA-R3-CV - Filed September 6, 2013

This case involves a Petition for a Writ of Certiorari filed by a *pro se* inmate. The Defendants/Appellees filed motions to dismiss the Petition, arguing that the Petition was untimely and that it lacked the required verification pursuant to Tennessee Code Annotated Section 27-8-104. The trial court dismissed the Petition without ruling on the inmate's motion for an enlargement of time to respond to the motion to dismiss. The inmate appealed. On appeal, the Appellees argue that the inmate's Notice of Appeal was untimely. We conclude that the inmate's Notice of Appeal was timely filed. In addition, we conclude that the trial court's failure to rule on the inmate's pending motion was harmless, as the trial court was deprived of jurisdiction to consider the petition by the inmate's failure to verify the truth of the petition. Affirmed and remanded.

### Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J.,W.S., and DAVID R. FARMER, J., joined.

Dominique Johnson, Wartburg, Tennessee, Pro Se.

James I. Pentecost and Brittani C. Kendrick, Jackson, Tennessee, for the appellees, Arvil Chapman and Gloria Lang.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph F. Whalen, Solicitor General; Lee Pope, Assistant Attorney General, for appellee, Tennessee Department of Correction.

### OPINION

# I. Background

On June 26, 2012, Petitioner/Appellant Dominique Johnson filed a Petition for a Writ of Certiorari ("Petition") in the Wayne County Chancery Court, naming as Defendants/Appellees South Central Correctional Facility ("SCCF") Disciplinary Board ("SCCF Board"); Sergeant Lang, SCCF Board Chairman; Counselor Ms. Robinson, SCCF Board Member; Jane Doe Nurse, SCCF Board Member; Tennessee Department of Correction Official Carolyn Jordan, SCCF Board Member; Arvil Chapman,[1] SCCF Warden; Jason Woodall, Assistant Commissioner of Operations; and Derrick Schofield, Tennessee Department of Correction Commissioner (collectively, "Appellees"). The Petition was accompanied by a notarized and verified Inmate Affidavit of inability to pay ("Inmate Affidavit"). The Petition alleged that Mr. Johnson was an inmate with the Tennessee Department of Correction, and was housed at the South Central Correctional Facility at the time of the alleged incident providing the basis for the complaint.

According to Mr. Johnson's Petition, an attack on a prisoner occurred at SCCF on January 8, 2012. Mr. Johnson asserts that he was not the assailant and was instead seen playing cards with other inmates at the time of the attack. However, the victim of the attack had apparently identified Mr. Johnson as the perpetrator. Accordingly, Mr. Johnson's room was searched and he was detained for questioning. Nothing was found in Mr. Johnson's room and he denied the accusations. Regardless, Mr. Johnson was written up for misconduct on January 15, 2012. The write-up was amended to add more detail on January 17, 2012.

A hearing on the charge of misconduct occurred and Mr. Johnson was found guilty of the charge on January 26, 2012. The SCCF Board relied on the victim's positive identification of Mr. Johnson as the assailant. The SCCF Board apparently disregarded the witnesses produced by Mr. Johnson who testified that he was playing cards at the time of the attack. Mr. Johnson was fined $5.00 and he was placed on administrative segregation.

Mr. Johnson appealed the decision of the SCCF Board to the SCCF Warden. The Warden denied the appeal on March 13, 2012, noting, again, the positive identification by the victim. Mr. Johnson then appealed to the Tennessee Department of Correction. The conviction was again affirmed by order of April 20, 2012.

Mr. Johnson alleged in his Petition that since the time he filed his appeal to the Tennessee Department of Correction, he had learned that the victim had partially recanted

---

[1] Mr. Johnson names "Avril Chapman" as a defendant in this action. However, all filings by Mr. Chapman's own attorneys spell his first name as "Arvil." Accordingly, we refer to Mr. Chapman by the name used by his own attorneys.

his identification of Mr. Johnson as the assailant. According to Mr. Johnson, the victim never positively identified Mr. Johnson, but merely said that the assailant's hair was similar to Mr. Johnson's hair, but that he could not be "100% sure" who the assailant was. Accordingly, Mr. Johnson asserted that the SCCF Board, in relying solely on the victim's supposed identification of Mr. Johnson as the assailant, acted "illegally, arbitrarily, [and] vindictively" in finding Mr. Johnson guilty of the alleged misconduct.

On August 27, 2012, two of the individually named Defendants/Appellees, Arvil Chapman and Gloria Lang, filed a Motion to Dismiss Mr. Johnson's Petition. The Motion to Dismiss alleged that the trial court lacked subject matter jurisdiction to consider Mr. Johnson's Petition because: (1) the Petition was not supported by an oath or affirmation as required by Tennessee Code Annotated Section 27-8-104; and (2) the Petition was not timely filed. In addition, Mr. Chapman and Ms. Lang argued that they were not proper parties to the action and, therefore, the Petition failed to state a claim upon which relief could be granted against them.

On August 31, 2012, the Attorney General, representing Carolyn Jordan, Jason Woodall, and Derrick Schofield, filed a Motion to Dismiss and supporting Memorandum of Law, seeking to dismiss Mr. Johnson's Petition. The Attorney General relied on the same subject matter jurisdiction grounds asserted by Mr. Chapman and Ms. Lang.

On September 19, 2012, Mr. Johnson filed a Motion for Enlargement of Time to respond to the pending Motions to Dismiss. Mr. Chapman and Ms. Lang filed a response in opposition on October 1, 2012, asserting that Mr. Johnson failed to seek an enlargement of time until after the original hearing date for the Motions to Dismiss was scheduled. However, Mr. Chapman and Ms. Lang noted that the original hearing had been postponed due to a continuance,[2] and, at the time of Mr. Johnson's Motion for an Enlargement of Time, no hearing had been held.

Without ruling on Mr. Johnson's pending Motion for an Enlargement of Time, the trial court dismissed Mr. Johnson's Petition for a Writ of Certiorari on October 17, 2012. The trial court ruled that it lacked subject matter jurisdiction to consider Mr. Johnson's Petition because it did not include an oath or affirmation, nor was it timely filed. Despite the trial court's order dismissing the case, Mr. Johnson filed a Response to the Motions to Dismiss on October 19, 2012. In the response, Mr. Johnson asserted that his Petition was timely filed and that he properly verified the truth of his Petition because the Petition was notarized and because he swore to the truth of the Petition's contents in his Inmate Affidavit. Mr. Johnson filed his Notice of Appeal in the trial court on November 19, 2012. However, the certificate of service

---

[2] The record does not reflect which party requested the continuance.

on the Notice of Appeal states that the Notice was sent to the trial court on November 15, 2012.

## II. Issues Presented

Mr. Johnson raises the following issues, which are restated from his brief:

1.  Whether the trial court erred in granting the Appellees' Motions to Dismiss without first ruling on the pending Motion for an Enlargement of Time filed by Mr. Johnson?
2.  Whether the trial court erred in granting Appellees' Motions to Dismiss on the ground that the Petition for a Writ of Certiorari did not contain the required verification?
3.  Whether the trial court erred in granting Appellees' Motion to Dismiss, finding that the Petition for a Writ of Certiorari was not timely filed?

The Appellees raise an additional issue on appeal: Whether the Notice of Appeal to this Court was timely filed?

For the foregoing reasons, we affirm the ruling of the trial court.

## III. Notice of Appeal

We first consider whether Mr. Johnson timely filed his Notice of Appeal from the trial court's order dismissing his Petition for a Writ of Certiorari. Rule 4 of the Tennessee Rules of Appellate Procedure governs the filing of the Notice of Appeal in this case. According to Rule 4(a):

> In an appeal as of right to the Supreme Court, Court of Appeals or Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from; . . . .

The time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt*, 285 S.W.3d at 869.

The final judgment in this case was entered by the trial court on October 17, 2012. However, Mr. Johnson's Notice of Appeal was not filed until November 19, 2012, more than thirty days later. Accordingly, Appellees argue that the Notice of Appeal was untimely and the appeal should be dismissed.

Appellees, however, fail to consider the application of Rule 20 of the Tennessee Rules of Appellate Procedure to this case. According to Rule 20(g):

> If papers required or permitted to be filed pursuant to the rules of appellate procedure are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing. This provision shall also apply to service of papers by such litigants pursuant to the rules of appellate procedure. "Correctional facility" shall include a prison, jail, county workhouse or similar institution in which the pro se litigant is incarcerated. Should timeliness of filing or service become an issue, the burden is on the *pro se* litigant to establish compliance with this provision.

In his reply brief, Mr. Johnson asserts that he delivered the Notice of Appeal pursuant to the "prison mail box rule" contained in Rule 20(g). Specifically, Mr. Johnson points to the certificate of service on his Notice of Appeal, which certificate asserts that the Notice was mailed on November 15, 2012. Thus, Mr. Johnson argues that, using the November 15, 2012 date on the certificate of service, his Notice of Appeal was timely submitted to the trial court through application of Rule 20(g).

We agree. Appellees offer no authority that an incarcerated inmate must submit some evidence other than a certificate of service to show compliance with Rule 20(g). Nor do the Appellees contend that the certificate of service at issue is inaccurate or fraudulent. Indeed, from our review, other cases have mentioned the date contained on a certificate of service as evidence of compliance or non-compliance with Rule 20(g). For example in **Moore v. State**, No. W2008-02699-COA-R3-CV, 2009 WL 4932203 (Tenn. Ct. App. Dec. 23, 2009), this Court concluded that a Notice of Appeal was timely filed when the certificate of service on the Notice stated that it was mailed within thirty days from the entry of the final judgment in the case. *Id.* at *2 n.2. In that case, the delay between the mailing of the Notice of Appeal and the filing of the Notice in the trial court was not mere days, as in this case, but several months. Regardless, this Court concluded that the incarcerated litigant "ha[d] met his burden under

Rule 20(g)." *Id.* We likewise conclude that Mr. Johnson has met his burden to show compliance with Rule 20(g). Because Mr. Johnson's Notice of Appeal was mailed less than thirty days after the entry of the final judgment in the trial court, the Notice of Appeal was timely. This Court, therefore, has jurisdiction to consider this appeal.

### IV. Motions to Dismiss

We next consider whether the trial court erred in granting the Appellees' Motions to Dismiss Mr. Johnson's Petition on the grounds that the Petition was not properly verified, nor timely filed. In considering an appeal from a trial court's decision to grant a motion to dismiss, we take all allegations of fact in the complaint as true, and review the trial courts' legal conclusions *de novo* with no presumption of correctness. Tenn R. App. P. 13(d); *Mid-South Industries, Inc. v. Martin Mach. & Tool, Inc.*, 342 S.W.3d 19, (Tenn. Ct. App. 2010) (citing *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996)). As explained by our Supreme Court:

> A Rule 12.02(6) . . . motion to dismiss for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint, not the strength of a plaintiff's proof. Such a motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action. In considering a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief.

*Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997) (citing *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994)).

We begin with the question of whether the trial court properly granted the Motions to Dismiss on the ground that the Petition was not properly verified. Mr. Johnson's Petition for a Writ of Certiorari is governed by Tennessee Code Annotated Section 27-8-104:

> The judges of the inferior courts of law have the power, in all civil cases, to issue writs of certiorari to remove any cause or transcript thereof from any inferior jurisdiction, on sufficient cause, **supported by oath or affirmation.**

Tenn. Code Ann. § 27-8-104(a) (emphasis added). Tennessee Code Annotated Section 27-8-

106 further provides: "The petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ." As recently discussed by the Tennessee Supreme Court:

> The courts' power to issue writs of certiorari flows from Article VI, Section 10 of the Tennessee Constitution. Thus, in order to vest a court with subject matter jurisdiction in a certiorari proceeding, a petition for writ of certiorari must satisfy Article VI, Section 10's requirements. Article VI, Section 10 requires petitions for a writ of certiorari to be "supported by oath or affirmation." Because this requirement is constitutional, it is mandatory. *See Beck v. Knabb*, 1 Tenn. (1 Overt.) 55, 57–58, 60 (1804). The courts cannot waive this requirement, *Depew v. King's, Inc.*, 197 Tenn. at 571, 276 S.W.2d at 729; *Crane Enamelware Co. v. Smith*, 168 Tenn. 203, 206, 76 S.W.2d 644, 645 (1934), because it is jurisdictional, and subject matter jurisdiction cannot be conferred by waiver or consent. *McCarver v. Insurance Co. of Penn.*, 208 S.W.3d 380, 383 (Tenn. 2006); *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996).

*Talley v. Board of Professional Responsibility*, 358 S.W.3d 185, 192 (Tenn. 2011). Thus, the requirement that a Petition for a Writ of Certiorari be supported by an oath or affirmation is mandatory and jurisdictional. Further, a Petition may not be amended to add the required oath or affirmation unless the amendment or an extension of time was granted by the trial court within the original sixty-day time period for filing the Petition prescribed in Tennessee Code Annotated § 27-9-102. *See Blair v. Bd. of Probation and Parole*, 246 S.W.3d 38, 40–41 (Tenn. Ct. App. 2007) (holding that the petitioner must "file a properly verified petition within sixty days from the denial of his administrative appeal"); *see also* Tenn. Code Ann. 27-9-102 ("Such party shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court . . . .").

Mr. Johnson's Petition for a Writ of Certiorari contains no oath or affirmation, nor did he ever attempt to amend his Petition to include one. Instead, the Petition merely contains a notation by a Notary Public that Mr. Johnson: "PERSONALLY APPEARED BEFORE ME, . . . the above [Mr.] Johnson whom I have verified to be such and I acknowledge that he executed the foregoing document for the purposes contained therein." The notation contains no mention of the truth of the contents of the petition. However, "[i]n order for a petition for a common law writ of certiorari to be valid, the petitioner must verify the contents of the

-7-

petition *and* swear to the contents of the petition under oath, typically by utilizing a notary public." **Wilson v. Tennessee Dep't of Correction**, No. W2005-00910-COA-R3-CV, 2006 WL 325933, at *4 (Tenn. Ct. App. Feb.13, 2006).

This Court was recently faced with a similar situation, where the petition was notarized but contained no language attesting to the veracity of the statements contained therein. According to this Court:

> There is an important distinction between verifying a petition and notarizing a petition. Verification helps demonstrate the truth of the petitioner's allegations. Notarization, sometimes referred to as the acknowledgment, helps demonstrate the petitioner's proper execution. A petition for a common law writ of certiorari must not only be verified, but must also be sworn to under oath, typically through the use of a notary public. This sworn and notarized statement accompanying the petition must declare that the petition's allegations are true to the best of the petitioner's knowledge . . . .
>
> It is well settled that the "sworn to" language found at [Tennessee Code Annotated Section] 27-8-106 requires that all petitions for writs of certiorari be verified by an affidavit; otherwise, neither the lower court, nor the appellate court would obtain jurisdiction over the petition. Courts have consistently held that the failure of the petitioner to verify the petition as required by the Tennessee Constitution and the Tennessee Code is proper grounds for dismissal.

**Cason v. Little**, No. W2007-01910-COA-R3-CV, 2008 WL 2065194, at *3–4 (Tenn. Ct. App. May 15, 2008). As further explained by this Court:

> A notarization is merely an acknowledgment of the proper execution of the document, whereas a verification establishes the truth of the document. *See* ***Montague v. State***, E2000-01330-CCA-R3-PC, 2001 WL 1011464, at *1–2 (Tenn. Crim. App. Sept. 4, 2001). Therefore, a notarization is not an acceptable substitute for the verification required by Tenn. Code Ann. §§ 27-8-104(a) & -106. *See **id.***

**Richardson v. Tennessee Bd. of Probation and Parole**, No. M2008-02568-COA-R3-CV,

2009 WL 3046960 (Tenn. Ct. App. Sept. 23, 2009). Mr. Johnson's Petition clearly lacks any language verifying the truth of the document. Therefore, it fails to comply with both Tennessee Code Annotated Section 28-8-104(a) and Article VI, Section 10 of the Tennessee Constitution. Without proper verification, the trial court was deprived of subject matter jurisdiction to consider Mr. Johnson's complaint.

Mr. Johnson argues, however, that proper verification was included in his Petition because he verified the contents of his Inmate Affidavit of inability to pay. Mr. Johnson's Inmate Affidavit indeed contains a notarized statement that "under the penalty of perjury . . . the foregoing answers are true, correct and completed to the best of my knowledge." This Court recently considered a similar issue in **Cason v. Little**, No. W2007-01910-COA-R3-CV, 2008 WL 2065194 (Tenn. Ct. App. May 15, 2008). In **Cason**, the inmate attached to his Petition for a Writ of Certiorari an Inmate Affidavit of Inability to pay, in which the inmate verified the contents as true and correct. Like Mr. Johnson, however, the inmate in **Cason** did not include verification in the Petition for the Writ of Certiorari itself. The trial court dismissed the petition as failing to comply with the statutory and constitutional requirements for verification. This Court affirmed, holding that an attached Inmate Affidavit of inability to pay that was verified did not meet the requirement under Tennessee Code Annotated Section 28-8-104(a) and Article VI, Section 10 of the Tennessee Constitution to verify the Petition for the Writ of Certiorari. The Court explained that simply notarizing and/or verifying an accompanying Inmate Affidavit of inability to pay did not serve to also notarize and verify the contents of the Petition for the Writ of Certiorari as the verification on the Inmate Affidavit did not indicate that the verification applied equally to the Petition.

Likewise in this case, Mr. Johnson's action in notarizing and verifying the contents of his Inmate Affidavit, without any indication that the verification applied to the Petition itself, does not serve to place his Petition for a Writ of Certiorari in compliance with Tennessee Code Annotated Section 28-8-104(a) and Article VI, Section 10 of the Tennessee Constitution. We are cognizant of the fact that Mr. Johnson is proceeding *pro se* in this case. However, it is well settled that pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere. As explained by this Court:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are

expected to observe.

*Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). Consequently, Mr. Johnson, despite his *pro se* status, was required to comply with all statutory and constitutional requirements applicable to Writs of Certiorari. Therefore, Mr. Johnson's failure to properly verify his Petition deprived the trial court of subject matter jurisdiction. *See Talley*, 358 S.W.3d at 192. Based on the above analysis, the trial court did not err in dismissing Mr. Johnson's Petition for failure to comply with the statutory and constitutional requirements. Having concluded that the trial court properly dismissed Mr. Johnson's Petition on the basis of his failure to verify the Petition, we need not consider the other basis for the trial court's ruling. Therefore, Mr. Johnson's issue regarding the trial court's ruling that his Petition was not timely filed is pretermitted. Consequently, unless Mr. Johnson prevails on his procedural argument, discussed *infra*, the trial court did not err in dismissing his Petition for a Writ of Certiorari.

## V. Effect of Pending Motion

We next consider Mr. Johnson's contention that the trial court erred in considering the Motion to Dismiss, notwithstanding the fact that there was a pending motion filed by Mr. Johnson in the trial court. Mr. Johnson relies on the case of *Bell v. Todd*, 206 S.W.3d 86 (Tenn. Ct. App. 2005), where this Court considered the trial court's failure to consider pending motions filed by a *pro se* incarcerated litigant before granting a motion to dismiss to the opposing party. The situation in *Bell* involved a civil wrongful death suit instituted by a murder victim's family. The defendant had been arrested and was incarcerated awaiting trial on the criminal charges stemming from the alleged murder. Shortly after the arrest, the defendant entered into an oral agreement conveying the bulk of his property to a third-party for $1.00. The victim's family then filed a wrongful death case against the defendant and a writ of attachment on the defendant's property to prevent the conveyance. Although the defendant was served with proper notice of the lawsuit, he failed to answer the complaint. Accordingly, the trial court granted a default judgment against the defendant on the issue of liability. The trial court, with the defendant present, later set aside the allegedly fraudulent conveyance and granted the writ of attachment.

The trial court then set a hearing on the issue of damages. Prior to the hearing, however, the defendant filed a *pro se* answer, motion to set aside the default judgment, a motion to continue the case pending the resolution of the criminal charges, and a motion to release funds to allow him to hire an attorney. The trial court never addressed any of these motions. The damages hearing resulted in a jury verdict in favor of the victim's family.

-10-

The Court of Appeals, however, vacated the verdict, concluding that the trial court's failure to address the defendant's pending motions was in error. The Court explained:

> Litigation involving self-represented litigants can be challenging and difficult. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 651 (Tenn. Ct. App. 1988). It can become even more difficult and cumbersome when the self-represented litigant is incarcerated. *Chastain v. Chastain*, No. M2003-02016-COA-R3-CV, 2004 WL 725277, at *2 (Tenn. Ct. App. Mar. 22, 2004) (No Tenn. R. App. P. 11 application filed). However, an incarcerated litigant's right to meaningful access to the courts requires that the litigant be afforded a fair opportunity to present his or her side of the controversy. *Knight v. Knight*, 11 S.W.3d 898, 903 (Tenn. Ct. App. 1999). To provide this opportunity, trial courts may be required to waive the Tennessee Rules of Civil Procedure's time requirements and to grant self-represented litigants extensions of time subject to reasonable time restrictions. *Logan v. Winstead*, 23 S.W.3d 297, 302 (Tenn. 2000).
>
> Appellate courts frequently have been confronted with cases in which the trial courts have disposed of claims either filed by or asserted against self-represented prisoners without first addressing the prisoner's pending motions. No matter whether the prisoner is the plaintiff or the defendant, reviewing courts have consistently held that trial courts err when they proceed to adjudicate the merits of the claim without first addressing the prisoner's pending motion or motions. These oversights have generally been found to be prejudicial rather than harmless because the failure to address pending motions "give[s] the impression that a litigant is being ignored," *Logan v. Winstead*, 23 S.W.3d at 303. We have also held that a prisoner's failure to comply with local rules requiring motions to be set for hearing does not provide a trial court with an excuse for failing to address the pending motions. *Chastain v. Chastain*, 2004 WL 725277, at *2. Accordingly, when a trial court has failed to rule on an incarcerated litigant's pending motions, reviewing courts have consistently vacated the judgment and remanded the case to the trial court with directions to consider and act on the pending motions.

*Bell*, 206 S.W.3d at 91.

The Court in **Bell** cited five cases in which this Court has vacated a judgment for failure of the trial court to rule on pending motions filed by a *pro se* incarcerated litigant. The Appellees argue, however, that every case is distinguishable from the case-at-bar because the pending motions had at least the possibility of affecting the outcome of the litigation. First, in **Bell**, the defendant's motion to set aside the default judgment on the fault issue could certainly affect the outcome of the litigation.

Next, in **Logan v. Winstead**, the inmate plaintiff in a legal malpractice action filed a motion to hold the case in abeyance. **Logan**, 23 S.W.3d at 303. Specifically, the incarcerated plaintiff sought an abeyance in response to a summary judgment motion. The summary judgment motion was accompanied by the affidavit of an expert stating that the defendant lawyer had not breached the standard of care. The incarcerated plaintiff sought the abeyance because he was unable to retain his own expert to rebut the defendant's proof while incarcerated. **Id.** The trial court failed to rule on the motion and instead granted the defendant's motion for summary judgment. The Court of Appeals vacated the trial court's order, concluding that the trial court's failure to rule on the motion was in error. **Id.** According to Appellees, the situation in **Logan** is not analogous to the present action because the resolution of the motion in favor of the incarcerated plaintiff may have allowed the plaintiff to obtain an expert to support his claim, sparing him from the grant of summary judgment in favor of the defendant. Indeed, of the five cases cited by the **Bell** Court, three concern a pending motion to hold the case in abeyance. *See **id.**; **Vermillion v. Vermillion**, No. E2001-00241-COA-R3-CV, 2002 WL 5496, at *2 (Tenn. Ct. App. Jan.2, 2002); **Burton v. Gearin**, No. W1999-01022-COA-R3-CV, 2000 WL 1839129, at *2 (Tenn. Ct. App. Nov. 29, 2000). Cases involving motions to hold the proceedings in abeyance concern the incarcerated litigant's ability to participate in the litigation. The Supreme Court has recognized that because of the rights involved, incarcerated litigants are "entitled to have requests for abeyances considered and determined under the appropriate legal standards." **Bell**, 206 S.W.3d at 91 In addition, the cases involving motions to hold the proceedings in abeyance cited in **Bell** often involved complex factual issues, rather than simple legal questions. *See **id.** (involving liability for wrongful death); **Vermillion**, No. E2001-00241-COA-R3-CV, 2002 WL 5496, at *2 (involving property issues relative to a divorce); **Burton v. Gearin**,, 2000 WL 1839129, at *2 (involving the grant of summary judgment in a legal malpractice case).

The other cases cited in **Bell** involve motions seeking discovery. First, in **State ex rel. Warren v. Ferguson**, No. W2000-02027-COA-R3-CV, 2001 WL 987162 (Tenn. Ct. App. Aug. 20, 2001), this Court vacated the default judgment against the incarcerated defendant because the trial court failed to consider and rule on the defendant's numerous pending motions, including a discovery motion, a motion to be permitted to testify, and a motion to hold the case in abeyance. **Id.** at *4. In another case, **Thompson v. Hammond**, No. 02A01-

9808-CV-00221, 1999 WL 188292 (Tenn. Ct. App. Apr. 6, 1999), this Court reversed the grant of summary judgment dismissing an incarcerated litigant's complaint because the trial court failed to act on the prisoner's motion to compel discovery. *Id.* at \*5–6. Under these circumstances, the grant of the motions for discovery or other motions could have an effect on the outcome of the case.

In contrast, the Appellees argue that the omissions in Mr. Johnson's Petition are of a kind that no pending motion can cure because they deprive the trial court of subject matter jurisdiction to consider the controversy. We agree. First, unlike in the above cases, Mr. Johnson's pending motion was not to hold the proceedings in abeyance pending his release from prison or for discovery. Instead, the motion was simply to extend the time for which he was able to respond to the Appellees' Motions to Dismiss. In addition, after the trial court granted the Motion to Dismiss Mr. Johnson's Petition, Mr. Johnson nevertheless filed his response to the Motion to Dismiss. We have considered Mr. Johnson's response, and conclude that his arguments do nothing to cure the fatal defect in his Petition for a Writ of Certiorari, discussed above. The time to amend the Petition to correct the defect has also elapsed. *See* **Blair**, 246 S.W.3d at 40–41. To remand to the trial court to consider Mr. Johnson's pending motion would, thus, be an exercise in futility and a waste of judicial economy. Ultimately, the defect in Mr. Johnson's Petition operated to deprive the trial court of subject matter jurisdiction. Although Mr. Johnson did eventually file a response to the Motion to Dismiss, which this Court was able to consider, Mr. Johnson's response does not and cannot ameliorate the defectiveness of the Petition. Therefore, we conclude that the trial court's failure to rule on Mr. Johnson's Motion for an Enlargement of Time was harmless. This Court may only set aside judgments when the alleged errors in the trial court were prejudicial or affected the outcome of the judgment: "A final judgment . . . shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process." Tenn. R. App. P. 36(b). Accordingly, the trial court did not err in dismissing Mr. Johnson's Petition for a Writ of Certiorari, notwithstanding the trial court's failure to rule on his pending motion.

## VI. Conclusion

For the foregoing reasons, we affirm the trial court's order dismissing Mr. Johnson's Petition for a Writ of Certiorari, and remand to the trial court for all further proceedings as may be necessary and are consistent with this opinion. Costs are taxed to Appellant Dominique Johnson, who is proceeding *in forma pauperis* in this appeal. Accordingly, execution may issue for costs if necessary.

-13-

_____
J. STEVEN STAFFORD, JUDGE