

# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs January 4, 2017

## KEITH LAMONT FARMER v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

**Appeal from the Chancery Court for Bledsoe County**
**No. 3267    Jeffrey F. Stewart, Chancellor**

_____

### No. E2016-01327-COA-R3-CV

_____

This appeal arises from a prisoner's disciplinary hearing. Keith Lamont Farmer ("Farmer"), an inmate in the custody of the Tennessee Department of Correction ("TDOC"), was convicted of a disciplinary offense. Farmer filed a petition for common law writ of certiorari seeking judicial review of the decision to discipline him. The Chancery Court for Bledsoe County ("the Trial Court") dismissed Farmer's petition on the grounds that it did not state that it was the first application for the writ, and, that it neither was sworn to nor verified. Farmer appeals to this Court. We affirm the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which ANDY D. BENNETT and KENNY W. ARMSTRONG, JJ., joined.

Keith Lamont Farmer, pro se appellant.

Herbert H. Slatery, III, Attorney General and Reporter, Andrée S. Blumstein, Solicitor General, and, Charlotte Davis, Assistant Attorney General, for the appellees, the Tennessee Department of Correction and the Bledsoe County Correctional Complex.

<h1 style="text-align:center">MEMORANDUM OPINION[1]</h1>

<h2 style="text-align:center">Background</h2>

In February 2015, Farmer, a prisoner in the custody of TDOC, filed a petition for common law writ of certiorari in the Trial Court seeking judicial review of his conviction for a disciplinary offense, the details of which are not necessary to delve into for purposes of the issue raised on appeal. Farmer was convicted of the offense in November 2014, and, before filing his petition for writ of certiorari in the Trial Court, had lost on appeal at the agency level. Farmer originally filed his petition in the Davidson County Chancery Court but it later was transferred to the Trial Court. In February 2016, TDOC filed a motion to dismiss. In May 2016, the Trial Court entered an order granting TDOC's motion to dismiss. In its Order of Dismissal, the Trial Court stated as follows:

> This case came before the Court for review upon the Respondents' motion to dismiss, after which the Court is of the opinion that the Respondents' motion is well-taken and should be granted. The petition for writ of certiorari filed in this cause is dismissed pursuant to Tenn. R. Civ. P. 12.02 because: (1) Petitioner did not certify that his petition was his first application for the writ; (2) Petitioner submitted falsities in his affidavit of indigency, and; (3) the contents of the petition are not verified or sworn to. Therefore, the motion to dismiss with prejudice is GRANTED and the case is DISMISSED. Costs of this action are taxed to the Plaintiff.

Farmer timely appealed to this Court.

<h2 style="text-align:center">Discussion</h2>

We restate and consolidate the issues Farmer raises on appeal as the following dispositive issue: whether the Trial Court erred in dismissing Farmer's petition for common law writ of certiorari.

The Trial Court implicitly granted the defendants' motions to dismiss on the basis that it lacked jurisdiction. In *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000), our Supreme Court set forth the standard of review when reviewing a motion to dismiss based on lack of subject matter jurisdiction. The Court stated:

---

[1] This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

A motion to dismiss for lack of subject matter jurisdiction falls under Tennessee Rule of Civil Procedure 12.02(1). The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. *See Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Standard Sur. & Casualty Co. v. Sloan*, 180 Tenn. 220, 230, 173 S.W.2d 436, 440 (1943). Subject matter jurisdiction involves the nature of the cause of action and the relief sought, *see Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994), and can only be conferred on a court by constitutional or legislative act. *See Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Computer Shoppe, Inc. v. State*, 780 S.W.2d 729, 734 (Tenn. Ct. App. 1989). Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness. *See Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn.1999).

*Northland Ins. Co.*, 33 S.W.3d at 729.

Farmer is representing himself on appeal. With respect to the level of deference we extend pro se litigants, this Court has stated:

Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. *Irvin v. City of Clarksville*, 767 S.W.2d at 652. Even though the courts cannot create claims or defenses for pro se litigants where none exist, *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 198 (Tenn. Ct. App. 1994), they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers. *Brown v. City of Manchester*, 722 S.W.2d 394, 397 (Tenn. Ct. App. 1986); *Usrey v. Lewis*, 553 S.W.2d 612, 614 (Tenn. Ct. App. 1977).

*Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).

Tenn. Code Ann. § 27-8-104(a) (2000) provides that "[t]he judges of the inferior courts of law have the power, in all civil cases, to issue writs of certiorari to remove any cause or transcript thereof from any inferior jurisdiction, on sufficient cause, supported by oath or affirmation." Similarly, Tenn. Code Ann. § 27-8-106 (2000) provides that "[t]he petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ."

This appeal concerns whether the petition for common law writ of certiorari filed by Farmer meets the statutory and constitutional requirements necessary to confer subject matter jurisdiction upon the Trial Court. Our Supreme Court has discussed a court's power to issue writs of certiorari as follows:

> The courts' power to issue writs of certiorari flows from Article VI, Section 10 of the Tennessee Constitution. Thus, in order to vest a court with subject matter jurisdiction in a certiorari proceeding, a petition for writ of certiorari must satisfy Article VI, Section 10's requirements. Article VI, Section 10 requires petitions for a writ of certiorari to be "supported by oath or affirmation." Because this requirement is constitutional, it is mandatory. *See Beck v. Knabb*, 1 Tenn. (1 Overt.) 55, 57–58, 60 (1804). The courts cannot waive this requirement, *Depew v. King's, Inc.*, 197 Tenn. at 571, 276 S.W.2d at 729; *Crane Enamelware Co. v. Smith*, 168 Tenn. 203, 206, 76 S.W.2d 644, 645 (1934), because it is jurisdictional, and subject matter jurisdiction cannot be conferred by waiver or consent. *McCarver v.. Insurance Co. of Penn.*, 208 S.W.3d 380, 383 (Tenn. 2006); *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996).

*Talley v. Bd. of Prof'l Responsibility*, 358 S.W.3d 185, 192 (Tenn. 2011).

Farmer's original petition for common law writ of certiorari did not include the recitation that it was his first application for the writ. Moreover, Farmer's petition neither was sworn to nor verified. This latter defect cannot be cured because, as cited above, the oath or affirmation is constitutional and essential to confer subject matter jurisdiction on a court considering the petition for common law writ of certiorari.

The record on appeal contains in the section of the technical record marked notice of appeal a document sworn to in April 2016 and which appears to be a second petition filed by Farmer in the Trial Court for common law writ of certiorari. Unlike his original petition, this later filed petition contains a recitation that it is the first application for the writ, and is both notarized and supported by oath. The document was sworn to over one year after the final agency determination and the filing of Farmer's initial petition for writ of certiorari.

Tenn. Code Ann. § 27-9-102 provides that:

Such party shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court of any county in which any one (1) or more of the petitioners, or any one (1) or more of the

material defendants reside, or have their principal office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, the respects in which the petitioner claims the order or judgment is erroneous, and praying for an accordant review.

Tenn. Code Ann. § 27-9-102 (2000).

We find no evidence in the record showing that Farmer timely attempted to amend his initial, defective petition to comply with the statutory and constitutional requirements. In any event, this second petition was filed far too late to comply with the law. The original petition was constitutionally defective and the Trial Court, therefore, lacked jurisdiction in the matter.[2]

As a final matter, the Trial Court found also as a ground for dismissal of Farmer's petition that he submitted falsities in his affidavit of indigency. TDOC concedes on appeal that Tenn. Code Ann. § 41-21-804(a)(1)(2014), the statute governing this particular issue, provides for dismissal when "the allegation of poverty in the inmate's affidavit is false," rather than merely when the affidavit contains any falsities. We agree that this was not a proper basis upon which to dismiss Farmer's petition. However, based upon Farmer's failure to comply with the abovementioned statutory and constitutional requirements, in particular his failure to support his original petition by oath or affirmation, we affirm the Trial Court's Order of Dismissal for lack of jurisdiction.

## <u>Conclusion</u>

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Keith Lamont Farmer, and his surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

---

[2] Farmer filed a motion to this Court on which we reserved judgment entitled "Violation of pro se plaintiff first Amendment rights denied Material [sic]." As best we understand the motion, we deny it. However, our analysis of the dispositive question of jurisdiction would be unaffected regardless of our disposition of Farmer's motion. We further deny Farmer's requested relief in his various other pieces of correspondence to this Court.