# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 1, 2016

## STATE OF TENNESSEE v. CHRISTOPHER MINOR

**Appeal from the Circuit Court for Madison County**
**No. 15-167    Roy B. Morgan, Jr., Judge**

_____

**No. W2016-00348-CCA-R3-CD  -  Filed February 16, 2017**

_____

CAMILLE R. MCMULLEN, J., concurring and dissenting in part.

I concur with the majority with respect to its resolution of the Defendant's challenge to the sufficiency of the evidence. However, in light of this court's holding in State v. Bonds, 502 S.W.3d 118 (Tenn. Crim. App. April 7, 2016), perm. app. denied (Tenn. Aug. 18, 2016), I respectfully disagree with the majority's conclusion that the Defendant has waived his challenge to the constitutionality of the gang enhancement statute. Generally, a new rule of federal constitutional law is retroactively applied to all cases, state or federal, pending on direct review or not yet final. See Griffith v. Kentucky, 479 U.S. 314, 328 (1987) (stating that the "failure to apply a newly declared constitutional rule to criminal cases pending on direct review violates basic norms of constitutional adjudication"). Although states are bound by this federal retroactivity analysis when a new federal rule is involved, state courts are free to determine what retroactive effect will be given to pronouncements of state law. Meadows v. State, 849 S.W.2d 748, 754 (Tenn. 1993) (citing Great Northern Ry. Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 364-65 (1932)). The Tennessee Supreme Court has explicitly held that "newly announced state constitutional rules will be given retroactive application to cases which are still in the trial or appellate process at the time such rules are announced, unless some compelling reason exists for not so doing." Id. at 754 (citing State v. Robbins, 519 S.W.2d 799, 800 (Tenn. 1975)). A case announces a new rule when it breaks new ground or imposes a new obligation on the States or if the result was not dictated by precedent existing at the time the defendant's conviction became final. Meadows, 849 S.W.2d at 751 (citing Teague v. Lane, 489 U.S. 288, 301 (1989)); T. C. A. § 40-30-122 (1995). Although the Tennessee Supreme Court in Meadows declined to apply the federal standard of retroactivity for post-conviction cases stated in Teague, the court has not explicitly rejected the analysis in Teague for cases on direct review. See Meadow, 849 S.W.2d at 755 ("Accordingly, we decline to apply the federal standard of retroactivity announced in Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989), and hold that a new state constitutional rule is to be retroactively applied to a

claim for post-conviction relief if the new rule materially enhances the integrity and reliability of the fact finding process of the trial."). Therefore, "'the integrity of judicial review' requires the application of the new rule to 'all similar cases pending on direct review.'" Teague, 489 U.S. at 304 (quoting Griffith, 479 U.S. at 323).

Significantly, in Bonds, this court addressed the contours of the Tennessee gang enhancement statute as an issue of first impression. We held, inter alia, as follows:

> that the requirements of Section 40-35-121 are additional elements of the underlying criminal gang offenses and the portion of the trial during which proof of gang membership and activity is introduced is not merely a sentencing hearing but rather is an extension of the guilt phase of the trial to which constitutional, statutory, and procedural rules fully apply. Because the trial court treated the proceeding as a sentencing hearing, without considering the protection afforded by the Confrontation Clause, and because the State failed to prove by a preponderance of the evidence that the gang expert's testimony and the contents of the gang file did not violate the Confrontation Clause, we reverse the defendants' gang enhancement convictions and remand this case for a new trial on the gang enhancement.

Bonds, 502 S.W.3d at 152. Bonds further declared a portion of the gang enhancement statute unconstitutional and reasoned:

> Section 40-35-121(b) does not contain a nexus requirement. After careful consideration, we have concluded that such an omission is constitutionally fatal. It simply cannot be maintained that a statute ostensibly intended to deter gang-related criminal conduct through enhanced sentencing is reasonably related to that purpose where the statute in question is completely devoid of language requiring that the underlying offense be somehow gang-related before the sentencing enhancement is applied. Without a nexus requirement, Section 40-35-121(b) directly advances only the objective of harsher treatment of criminal offenders who also happen to be members of a criminal gang. Because Section 40-35-121(b) fails to even obtusely target gang-related criminal activity, it lacks a reasonable relationship to achieving the legitimate legislative purpose of deterring criminal gang activity and therefore violates the principles of substantive due process.

Id. at 157.

Given the above holding, there is no question in my mind that Bonds announced a new rule because it broke new ground and imposed a new obligation on the State. See e.g., 7 Tenn. Prac. Pattern Jury Instr. T.P.I. — Crim. 39.05(a), Cmt. 1 (noting that "2016

Tenn. Pub. Acts, ch. 1034, eff. 4/28/16 was enacted as an attempt to remedy [the lack of a nexus] by amending the definition of 'criminal gang' to add that it has as one of its 'primary activities the commission of criminal gang offenses,' and adding as an element of enhancement that the criminal gang offense must have been committed 'at the direction of, in association with, or for the benefit of, the defendant's criminal gang or a member of the defendant's criminal gang.'"). At the outset, I recognize that arguing a lack of a nexus between the facts underlying the instant offense and the Defendant's gang membership is tenuous at best. The Defendant clearly confessed to committing a gang related crime and testified at trial that he would not have participated in this offense had he not been ordered to do so by the general of the gang, the Black Peace Stone Nation. He also testified that he became a member of a gang at the age of thirteen. At the bifurcated proceeding, the State's sole witness had no experience investigating the Black Peace Stone Nation. He testified that the Black Peace Stone Nation joined with the Vice-Lords when they were in an area with low membership. He identified another purported gang member of the Vice-Lords and, based on his criminal record, photos of the Defendant showing gang signs, and tattoos, established the Defendant as a gang member. Although these facts are a far cry from <u>Bonds</u>, based on the principles announced in <u>Teague</u>, <u>Bonds</u> should nevertheless be applied retroactively to the case sub judice and all other cases pending on direct review or not yet final.

As a member of the panel that issued <u>Bonds</u>, I recognize that <u>Bonds</u> contained no analysis of whether it should be applied retroactively. This question should be answered and will not be resolved with the disposition of this case. <u>See</u> <u>Teague</u>, 489 U.S. at 300 (noting that "[r]etroactivity is properly treated as a threshold question, for, once a new rule is applied to the defendant in the case announcing the rule, evenhanded justice requires that it be applied retroactively to all who are similarly situated."). Moreover, because the retroactive effect of a constitutional ruling is a purely judicial question, <u>Bush v. State</u>, 428 S.W.3d 1, 8 (Tenn. 2014), I see no reason to apply traditional principles of waiver to dismiss this issue. Finally, as a practical matter, I believe it would be nonsensical to hold that defendants on appeal at the time <u>Bonds</u> was decided or who had filed their notice of appeal after the gang enhancement statute was declared unconstitutional are not entitled to the benefit of the ruling. <u>See</u> <u>Teague</u>, 489 U.S. at 304 (quoting <u>Griffith</u>, 479 U.S. at 323-24) ("[B]ecause 'selective application of new rules violates the principle of treating similarly situated defendants the same,' we refused to continue to tolerate the inequity that resulted from not applying new rules retroactively to defendants whose cases had not yet become final."); <u>see</u> <u>also</u> <u>State v. Cecil</u>, 409 S.W.3d 599, 608 (Tenn. 2013) (holding that because the defendant's case was on direct appeal at the time <u>State v. White</u>, 362 S.W.3d 559 (Tenn. 2012) was decided, the issue had been preserved for appeal and the defendant was entitled to the benefit of the ruling); <u>Taylor v. State</u>, 995 S.W. 78 (Tenn. 1999) (holding that the ground for post-conviction relief arose when the statute under which the sentences were imposed was declared unconstitutional).

For these reasons, I would have reversed and vacated the Defendant's convictions for violating the gang enhancement statute and remanded for a new trial.

_____
CAMILLE R. McMULLEN, JUDGE